MADISONVILLE INDEPENDENT SCHOOL DISTRICT and L.P. Polk, Petitioners,

v.

Judy Gail KYLE et al., Respondents.

No. C–1752.

Supreme Court of Texas.

July 20, 1983.

Rehearing Denied Oct. 19, 1983.

Strasburger & Price, Royal H. Brin, Jr., Dallas, Lawrence, Thornton, Payne & Watson, C.J. Kling, Bryan, for petitioners.

Roger Knight, Jr., Madisonville, Michael T. Brimble, Houston, for respondents.

PER CURIAM.

This is a wrongful death suit brought by Judy Gail Kyle and Lewis J. Smith, natural parents of Jimmy J. Smith, against Madisonville Independent School District ("M.I.S.D.") and L.P. Polk. Jimmy was exiting a school bus and was crossing the street to his home when he was struck by a car and severely injured. He died a few hours later. After a jury trial, the trial court rendered judgment for Ms. Kyle and Mr. Smith for $184,023.10, which included damages for pecuniary loss, loss of companionship and society, and past and future mental anguish resulting from their son's death.[1] The court of appeals affirmed in part and reversed in part, holding that Texas law did not allow damages in a wrongful death case for loss of companionship and society and for past and future mental anguish. Tex.R. Civ.P. 452. We reverse the judgment of the court of appeals without oral argument and reform the judgment of the trial court. Tex.R.Civ.P. 483. As reformed, the judgment of the trial court is affirmed.

In *Sanchez v. Schindler*, 651 S.W.2d 249 (1983), we held that the proper measure of damages for the death of a child included loss of companionship and society and past and future mental anguish. Additionally, we held that the opinion was to apply to "all future causes as well as those still in the judicial process." *Id.* at 254. Since this cause was in the judicial process when *Sanchez* was delivered, Ms. Kyle and Mr. Smith may recover for loss of companionship and society and mental anguish.

However, although we hold that Ms. Kyle and Mr. Smith may recover the damages described above, we also sustain M.I.S.D.'s contention that the trial court erred in entering judgment against them for an amount greater than the $100,000 limit provided by section 3 of the Tort Claims Act, Texas Revised Civil Statutes Annotated article 6252–19. The school district's liability is limited to $100,000 and the amount of recovery is to be apportioned according to the proportionate share of each claimant to the total amount awarded to all claimants against the school district. *See City of Austin v. Cooksey*, 570 S.W.2d 386 (Tex.1978).

At trial, Ms. Kyle was awarded $124,023.10 and Mr. Smith was awarded $60,000. Since M.I.S.D. is jointly and severally liable up to $100,000, we limit the recovery from M.I.S.D. to $67,395.40 for Ms. Kyle and $32,604.60 for Mr. Smith. All other defendants remain jointly and severally liable for the entire amount of the judgment.

For the reasons stated, the judgment of the court of appeals is reversed. The judgment of the trial court is reformed and, as reformed, is affirmed.

---

1. Judgment was rendered on the verdict awarding Ms. Kyle and Mr. Smith their damages against M.I.S.D., L.P. Polk, Jackie McGilbra and Ludie Turner, jointly and severally. L.P. Polk was the driver of the school bus. The car that struck Jimmy was owned by Ludie Turner and driven by Jackie McGilbra. M.I.S.D. and Polk brought this appeal. Ms. McGilbra and Ms. Turner did not appeal.