**CITY OF AUSTIN, Appellant,**

v.

**Kenneth Richard DAVIS, III, b/n/f Kenneth Richard Davis, Sr., et al., Appellees.**

**No. 14246.**

Court of Appeals of Texas. Austin.

June 5, 1985.

Rehearing Denied June 26, 1985.

Paul C. Isham, City Atty., Mahon B. Garry, Jr., Asst. City Atty., Austin, for appellant.

Tommy Jacks, Doggett & Jacks, Austin, for appellees.

Before POWERS, KLINGEMAN * and GAMMAGE, JJ.

GAMMAGE, Justice.

This case arises from the circumstances surrounding the death of Kenneth Richard Davis' son, Kenny, while admitted to Brackenridge Hospital, an operation of the City of Austin, hereinafter the "City." The City appeals from the judgment of the trial court in favor of Davis. We will affirm the judgment.

Trial to the bench was had upon stipulated facts.

Kenny Davis suffered severe neurological damage resulting from head injuries sustained in a motor vehicle accident. Davis visited his son every day during his six-week hospitalization. At the time of his death Kenny was ambulatory, but was confused and disoriented. He was in danger of injuring himself and others because of his poor judgment and perception. For this reason, he was always either medicated or physically restrained. On the day of Kenny's death, the hospital staff failed to do either. When Davis arrived at the hospital for his daily visit, Kenny was not in his room and the ward staff was unable to locate him, although they were then searching the hospital and surrounding grounds. Davis joined the search, which continued for three hours and included not only the hospital and grounds, but also surrounding

---

* Klingeman, Justice (Retired), Fourth Court of Appeals, sitting by assignment. See Art. 1812, as amended.

parks and recreational areas. In his second search of the hospital basement, Davis, accompanied by a hospital security officer, found his son's body at the base of a ten-story air shaft. In wandering around the hospital, Kenny had discovered and entered the air shaft, climbed to the top and fallen to his death. It is herein stipulated that Davis has suffered physical injuries caused by emotional distress inflicted by these circumstances.

Kenny's other statutory beneficiaries settled a wrongful death action with the City, for approximately $93,000. Davis disclaimed any interest in the wrongful death action and prevailed in the trial court in his own suit for mental distress and physical injuries sustained as a bystander to the incident, with stipulated damages of $50,000. In this Court, the City attacks the trial court's judgment on Davis' separate cause of action.

The two issues presented for review are whether Davis has a separate cause of action for his own injuries, and if he does, whether he is a separate "person injured," within the meaning of the Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252-19 (Supp. 1985).

## BYSTANDER INJURY

The courts of this State have long recognized the right to recover for negligently inflicted emotional distress. *Hill v. Kimball*, 76 Tex. 210, 13 S.W. 59 (1890). It is also well settled that a successful plaintiff, in an action of this kind, must prove that his injuries were reasonably foreseeable by the defendant. *Kaufman v. Miller*, 414 S.W.2d 164 (Tex.1967). We have more recently recognized the right of a "bystander" to a shocking event to recover for injury proximately caused by injury negligently inflicted upon another. *See Landreth v. Reed*, 570 S.W.2d 486 (Tex.Civ. App.1978, no writ). The bystander doctrine, as articulated in *Landreth*, generally requires proof of three elements, two of which are pertinent here:

(1) The plaintiff must have been in close proximity to the scene of the incident.

(2) The plaintiff's injuries must have been proximately caused by a contemporaneous perception of the incident.

The rule prescribed in *Landreth* is not inflexible, and is tempered with the caveat that each case must be evaluated on its own merits. *Id.* at 490; *Kaufman, supra.*

The City argues that Davis was not present at the time his son fell to his death, so he therefore did not experience a contemporaneous perception of the incident. The City further argues that there is no proximate cause, because it could not reasonably foresee Davis' injuries. We disagree.

The requirement of a contemporaneous perception of the incident giving rise to the injuries has been liberally construed. In *Landreth* it was held that actual observance of the incident was unnecessary, if there was some perception of the incident other than learning of it from others after it had happened. In *General Motors Corp. v. Grizzle*, 642 S.W.2d 837 (Tex.App.1982, writ dism'd), recovery was allowed, despite the finding that the plaintiff arrived on the scene well after the incident occurred. The court therein stated "[the plaintiff] was brought so close to the reality of the accident as to render her experience an integral part of it." *Id.* at 844; *Landreth, supra.*

Two courts have allowed recovery where the plaintiffs had been rendered unconscious at the precise moment of the incidents, and could not, therefore, have observed the incidents. *Dawson v. Garcia*, 666 S.W.2d 254 (Tex.App.1984, no writ); *Apache Ready Mix Co., Inc. v. Creed*, 653 S.W.2d 79 (Tex.App.1983, no writ). Both courts, after reviewing the facts in each of the individual cases, determined that actual observance was unnecessary, in view of the high degree of involvement each plaintiff had with the incident giving rise to the injuries.

The City's argument essentially rests on the premise that Davis should be denied recovery because he was not at the foot of the airshaft at the moment his son

fell. We decline to so hold. The premise ignores the remainder of relevant circumstances surrounding the death of Davis' son. It is clear from the stipulated facts that Davis was intensely involved in the search and subsequent discovery of his son. He did not learn of the incident from others, but found his son's body at the bottom of the airshaft. In light of these circumstances and the above cited authorities, we hold that Davis "was brought so close to the reality of the accident as to render [his] experience an integral part of it," and Davis experienced sufficient perception of the incident to satisfy the requirements of the "bystander doctrine." *Grizzle, supra.*

■ We further hold that the trial court did not err in concluding that the injury to Davis was reasonably foreseeable by the City. Davis had visited his son every day of his extended hospitalization. The City was well aware of this and recognized it in the stipulated facts. The City was further aware that Kenny was capable of injuring others or himself if not properly restrained. Under these facts, a jury could have found that a reasonable person in the City's position, in the exercise of ordinary care, would have foreseen as a reasonable result of the City's negligence that Kenny would injure himself at a time when Davis was present or in close proximity and that Davis would thereby suffer injury. Appellant's first, second and third points of error are overruled.

### TEXAS TORT CLAIMS ACT DAMAGE LIMITATION

■ The City's operation of Brackenridge Hospital is a governmental activity, *Gartman v. City of McAllen,* 107 S.W.2d 879 (Tex.1937), and the City is liable only to the extent that its sovereign immunity has been waived by the Texas Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 3(b) (Supp.1985). The Tort Claims Act, § 3(b) provides in pertinent part for the following limitation of damages recoverable against local government units engaged in governmental activities:

Liability of any unit of local government is limited to $100,000 per person and $300,000 for any single occurrence for bodily injury or death and to $100,000 for any single occurrence for injury to or destruction of property.

Sec. 13 of the Act further provides: The provisions of this Act shall be liberally construed to achieve the purposes hereof.

*See also Salcedo v. El Paso Hospital District,* 659 S.W.2d 30 (Tex.1983).

The City contends that Davis is not a separate injured person for the purpose of § 3 above. It argues that Kenny was the only injured person under the Act, and Davis and all the wrongful death beneficiaries are limited to a total recovery of $100,000. Appellant cites as controlling *Madisonville Independent School District v. Kyle,* 658 S.W.2d 149 (Tex.1983). Our review of this authority reveals that it addresses considerations pertinent only to a wrongful death action.

■ Because Davis satisfies the requirements of the bystander doctrine, discussed above, he may maintain his own cause of action—he need not join the suit of the other wrongful death beneficiaries. His suit is for injuries he personally suffered, as stipulated by the parties, not for damages to which he would have been entitled as a consequence of his son's wrongful death. This bystander suit is not derivative of the statutory wrongful death action. Prior to *Sanchez v. Schindler,* 651 S.W.2d 249 (Tex.1983), the bystander action allowed parents of deceased children to recover for their own emotional injuries even though they could not then have recovered in a wrongful death action. *Bedgood v. Madalin,* 589 S.W.2d 797 (Tex.Civ.App. 1979), rev'd on other grounds, 600 S.W.2d 733 (Tex.1980). In light of these considerations, and the legislative directive that this Act be liberally construed, we hold that Davis is a "person injured" for purposes of the damages limitation. He therefore is entitled to recover up to $100,000 for his own bodily injury.

Appellant's fourth and fifth points of error are overruled. The judgment of the trial court is affirmed.