Louis H. OSS, Michelle S. Oss
and Muriel Oss

v.

Melvin L. GENTRY and Lynn Gentry.

No. EP–84–CA–438.

United States District Court,
W.D. Texas,
El Paso Division.

Sept. 19, 1985.

Charles Anderson, El Paso, Tex., for plaintiffs.

Dennis Richard, El Paso, Tex., for defendants.

## MEMORANDUM AND ORDER

BUNTON, District Judge.

The Plaintiffs, Louis H. Oss, Muriel Oss, and Michelle Oss, New Mexico residents, brought this diversity negligence action against the Defendants, Melvin L. Gentry and Lynn Gentry, Texas residents, by filing Plaintiffs' Original Complaint with this Court on December 17, 1984. The Defendants, thereafter, timely answered. According to the Plaintiffs' pleadings, Plaintiff Michelle Oss, the daughter of Louis and Muriel Oss, was a passenger in a pickup truck owned by Lynn Gentry and driven by Melvin Gentry on February 25, 1984. Melvin Gentry on that date had been operating the vehicle on Texas Farm-to-Market Road 1576 in Hudspeth County, Texas, when the pickup went out of control. The vehicle overturned and Michelle Oss was thrown out of it. She suffered serious injuries. At the present time she has paralysis in her legs.

In paragraph IV of their complaint, the Plaintiffs averred four particulars of negligence on the part of Melvin Gentry which were either singularly or in combination a proximate cause of the occurrence in issue and of the injuries sustained by Michelle Oss. Melvin Gentry has admitted liability in this case. All claims as to Michelle Oss have been settled by the parties. However, remaining are the claims brought by the Plaintiff parents.

Louis and Muriel Oss have alleged in their pleadings that they have suffered damages for the injury to their familial relationship as a result of the injuries to their daughter, for the loss of companionship, and for the negligent infliction of emotional trauma. The parties have stipulated that if a jury were asked to consider evidence in this case as to the claims of the parents for loss of consortium and for grief

and mental anguish, it would find damages to be $100,000.00 for each parent, or a total of $200,000.00. The issue, then, is whether under Texas law the Plaintiff parents are entitled to those damages. The parties agree that resolution of that question is for the Court.

The parties have ably briefed this remaining issue. The Court, although its sympathies are with the Plaintiff parents, is of the opinion that, after considering the operative facts, the relevant legal authorities, and the arguments of the parties, the Plaintiff parents are not entitled to the damages they have prayed for under current Texas jurisprudence.

As mentioned, this is a diversity case. The mishap giving rise to this cause of action occurred in Texas. As such, this Court, exercising its diversity jurisdiction, must follow the substantive law of Texas. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Haught v. Maceluch,* 681 F.2d 291, 295 (5th Cir.1982). The first step in making the *Erie* application is to determine the state law as declared by that state's supreme court. *Id.* at 295–296. The *Haught* Court noted,

> If, as in this case, there is no directly controlling decision by the Texas Supreme Court, then we must apply what we find to be the law of Texas after giving 'proper regard' to all relevant rulings of the courts of Texas. In this respect, we may be said to be, in effect, sitting as a Texas court. See id. As such, we are 'bound to determine and apply Texas law, a task requiring an examination of the decisions of the state's appellate courts.' *Cole v. Elliott Equipment Co.,* 653 F.2d 1031, 1034 (5th Cir.1981).

The Defendants have identified two factual scenarios in which Texas law permits damages for mental anguish and loss of consortium for a parent. The first is that of *Sanchez v. Schindler,* 651 S.W.2d 249 (Tex.1983). In that case, the Texas Supreme Court was presented with the question of whether damages for mental anguish are recoverable by a parent under the Texas wrongful death statute for the death of a child. Prior to that case in Texas, a parent's damages in a wrongful death action for the death of his/her child was limited to the pecuniary value of the child's services and financial contributions, minus the cost of his or her care, support, and education. Finding it necessary to revise its interpretation of the Texas wrongful death statute, the Texas Supreme Court held that a plaintiff may recover damages for loss of companionship and society and damages for mental anguish for the death of his or her child. *See Madisonville Independent School District v. Kyle,* 658 S.W.2d 149, 150 (Tex.1983).

The second situation is where the plaintiff is a bystander to the occurrence or has some type of contemporaneous perception of the incident. In *Landreth v. Reed,* 570 S.W.2d 486 (Tex.Civ.App.-Texarkana 1978, no writ), a case in which the defendants contested the propriety of a plaintiff-sister's recovery of damages for having witnessed the death of her infant sister, a Texas appellate court stated that, as to whether to allow recovery of damages by one who witnesses the negligent injury of another person, Texas will follow the modern rule of determining such cases under the traditional concepts of negligence and proximate cause based upon reasonable foreseeability. The *Landreth* Court cited three relevant factors in determining foreseeability. These are

> (1) whether the plaintiff was located near the scene of the accident; (2) whether the shock resulted from a direct emotional impact upon the plaintiff from a contemporaneous perception of the accident, as distinguished from learning of the accident from others after its occurrence; and (3) whether the plaintiff and the victim were closely related. *Id.* at 489.

*See Haught, supra,* at 298. *Accord Dillon v. Legg,* 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912 (1968).

In the case *sub judice,* the Defendants represent that according to the deposition

testimony of Louis and Muriel Oss, the parents were not present at the accident, but were some 100 miles away. The parents learned of the accident from the parents of Melvin Gentry. In short, they did not have a contemporaneous perception of the accident. The Plaintiffs do not contest these representations made by the Defendants.

This Court is confined by present Texas jurisprudence on this issue. The Court's reading of current Texas law is that the Plaintiff parents in this case are not entitled to recover for loss of consortium or the negligent infliction of emotional distress. *See Bennight v. Western Auto Supply Co.*, 670 S.W.2d 373, 379–380 (Tex.App.—Austin 1984, writ ref'd n.r.e.). Accordingly, the Plaintiffs Louis and Muriel Oss' claims fail as a matter of law. Having ruled that, the Court directs the parties to submit a judgment within five (5) days from the date of this Order in conformance with this Memorandum and Order.

IT IS SO ORDERED.