**Dorothy Martin Ferrier KELLY**

v.

**GENERAL MOTORS CORPORATION, et al.**

**Civ. A. No. 87–0828.**

United States District Court, W.D. Louisiana, Alexandria Division.

Feb. 18, 1988.

Hudson, Potts & Bernstein, Jesse D. Mc-Donald, Monroe, for General Motors Corp.

## RULING

LITTLE, District Judge.

Plaintiff, Dorothy Martin Ferrier Kelly, seeks damages from the General Motors Corporation arising out of the death of her son, Rickey Ferrier. Ferrier was killed in a one-car accident in Winn Parish when his 1984 Chevrolet Camero Z 28 left the road and struck a tree. Plaintiff alleges that the vehicle was unsafe for its intended use due to lack of crash worthiness, air bag restraints and shoulder and seat belt defects. Defendant General Motors brings this motion for partial summary judgment seeking to dismiss the products liability claim of plaintiff predicated upon the absence of air bags.

GM argues that plaintiff's air bag claim is preempted by the National Traffic and Motor Vehicle Safety Act, 15 U.S.C. §§ 1381–1420, as the express language of the statute preempts a tort action based upon state law. Defendant also contends that by its enactment of the Act Congress impliedly preempted tort actions based upon state law.

State law may be preempted by federal law in one of three ways. First, a federal statute may include specific language that expressly preempts state law. Second, a statute which does not expressly preempt state law may nevertheless reveal Congress' intent to occupy the regulatory sphere. Third, even in the absence of express language or congressional intent to occupy completely the field, a federal law will preempt all state laws with which it is in actual conflict. Where the application of state law frustrates the accomplishment of congressional objectives, an actual conflict is found to exist. *Michigan Canners and Freezers Association v. Agricultural Marketing and Bargaining Board*, 467 U.S. 461, 469, 104 S.Ct. 2518, 2523, 81 L.Ed.2d 399, 406 (1984). Actual conflict exists when it is impossible to comply with both state and federal law, or "when the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* at 469, 104 S.Ct. at 2523.

■ Section 1392(d) of the National Traffic and Motor Vehicle Safety Act provides that:

"Whenever a Federal motor vehicle safety standard established under this title is in effect, no State or political subdivision of a State shall have any authority either to establish, or to continue in effect, with respect to any motor vehicle or item of motor vehicle equipment any safety standard applicable to the same aspect of performance of such vehicle or item of equipment which is not identical to the Federal standard. Nothing in this section shall be construed as preventing any State from enforcing any safety standard which is identical to a Federal safety standard." 15 U.S.C. § 1392(d).

Defendants have cited a legion of federal and state district court cases in which the safety standards promulgated under section 1392 have been held to preempt lack of air bag claims brought under state product liability law. *Cox v. Baltimore County*, 646 F.Supp. 761 (D.Md.1986); *Vanover v. Ford Motor Co.*, 632 F.Supp. 1095 (E.D.Mo. 1986). However, it does not appear that these courts took into consideration the impact of the Act's savings clause which provides that "compliance with any federal motor vehicle safety standard issued under this subchapter does not exempt any person from any liability under common law." 15 U.S.C. § 1397(c). This section has been held to preserve common law actions based upon products liability law. It can be argued that plaintiff's product liability claim does not have a basis in common law, rather it is founded upon article 2315 of the Louisiana Civil Code, a "statute" enacted by the legislature; and as such, the savings clause might not preserve an action brought under Louisiana law. The Court does not find it necessary to venture into such an analysis, however, as it finds that recovery in a products liability action for lack of air bags would be an actual conflict with congressional objectives.

Congress enacted the National Traffic and Motor Vehicle Safety Act in order to "reduce traffic accidents and deaths and injuries to persons resulting from traffic accidents." 15 U.S.C. § 1381. In order to achieve those objectives, Congress authorized the Secretary of Transportation to enact federal standards which are "practicable and meet the need for motor vehicle safety." *Id.* § 1392(a). The standards for occupant crash protection set forth by the Secretary permit manufacturers to choose one of three methods of occupant crash protection. 49 C.F.R. § 571.208. Mandatory air bags are not one of the three options. "By issuing a performance standard rather than mandating specific use of one device such as air bags or prohibiting the use of specific devices such as nondetachable belts, the department believes it will provide sufficient latitude for industry to develop the most effective systems. This approach has the advantage of not discouraging the development of other technologies." 49 Fed.Reg. 28, 862, 28, 997 (1984).

■ An award of damages by a state or federal court is considered to be a method of regulation because it is designed to influence conduct. *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 246–47, 79 S.Ct. 773, 780, 3 L.Ed.2d 775, 784 (1959). "Court decisions creating liability for a manufacturer's failure to install the air bag option in an automobile will effectively force automobile manufacturers to choose the air bag option over other statutorily approved options. An automobile manufacturer faced with the prospect of choosing the air bag option or facing potential exposure to compensatory and punitive damages for failing to do so, has but one realistic choice. A court decision that removes the element of choice authorizing the occupant crash safety regulations will frustrate the statutory scheme." *Baird v. General Motors Corp.*, 654 F.Supp. 28 (N.D.Ohio 1986).

■ As jurisdiction in this matter is founded upon diversity of citizenship, the Court is *Erie* bound to apply the existing Louisiana law on products liability or in the absence of existing case or statutory law, attempt to determine how this state's highest court would hold. However, as the Court finds that *any* recovery based upon a lack of air bag theory would result in

actual conflict with the existing federal statute, it is not necessary to determine whether Louisiana law affords plaintiff a remedy.[1]

For the reasons set forth above, defendant's motion for partial summary judgment is GRANTED. An appropriate judgment will issue.

---

1. The question appears to be res nova in Louisiana. Therefore, even in the absence of federal preemption, this Court will be disinclined to create a cause of action not previously recognized by state law. "A party who wants a court to adopt an innovative rule of state law should litigate in state rather than federal court." *Hinojosa v. City of Terrell, Texas,* 834 F.2d 1223, 1231 (5th Cir.1988).