**Judi Bryan SURLES and husband, Philip Surles**

v.

**FORD MOTOR COMPANY.**

No. CA4–87–270–K.

United States District Court, N.D. Texas, Fort Worth Division.

May 10, 1988.

Paul L. Sadler, Rex Houston, Wellborn, Houston, Adkison, Mann, Sadler & Colley, Henderson, Tex., for plaintiffs.

David Kidder, Thompson & Knight, Dallas, Tex., for defendants.

## ORDER

BELEW, District Judge.

Pending before the Court is Defendant's Motion for Partial Summary Judgment, to which Plaintiffs have failed to respond. The Court, having reviewed the pleading as well as the applicable law comes to the conclusion that Defendant's motion should be granted.

### I. Facts

On October 8, 1985, Plaintiffs' 1984 Lincoln Town Car, Cartier Edition, manufactured by Defendant, was involved in a head-on collision with another vehicle on a Dallas freeway. On the date in question, Mrs. Surles was allegedly wearing her seat belt and shoulder harness. Plaintiffs allege that the shoulder harness and seat belt allegedly failed to restrain Mrs. Surles and allegedly caused her face and head to hit the steering wheel. As a result of this accident, Mrs. Surles allegedly sustained broken ribs, permanent injury to her sinuses, as well as fractures to the bones in her forehead, face and jaw.

Plaintiffs allege that the seat belt and shoulder harness in Plaintiffs' car was "unreasonably dangerous because of manufacturing, design and marketing defects which produced injuries to her face and head." Plaintiffs' First Amended Original Complaint, March 23, 1988, ¶ 2. Additionally, Plaintiffs allege that the 1984 Lincoln Town Car "did not contain an air bag restraint system, although this Defendant knew or should have known that the seat belt and shoulder harness restraint system was wholly inadequate. Therefore, the 1984 Lincoln Town Car, Cartier Edition, driven by Mrs. Surles, was unreasonably dangerous as manufactured, designed and marketed because it failed to incorporate an air bag safety restraint system." Id., ¶ 3.

In its motion for partial summary judgment, Defendant argues that Plaintiffs' claim that the seat and shoulder harness system was defectively designed and that Defendant should have utilized an air bag restraint system violates the Supremacy Clause of the Constitution and is therefore preempted by federal statutes and regulations. Therefore, Defendant moves the Court for a partial summary judgment on Plaintiffs' air bag claim.

### II. Analysis

The standard for granting summary judgment is well established by the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part:

The judgment shall be rendered forthwith if the pleadings ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c).

Defendant, as movant, bears the burden of showing the basis for summary judgment. *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Union City Barge Line, Inc. v. Union Carbide Corp.,* 823 F.2d 129, 137 (5th Cir.1987). Further, the Supreme Court has held that this standard must be interpreted in light of the substantive law that would be applied at trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Defendant argues that Plaintiffs' air bag claim is preempted by the National Traffic and Motor Vehicle Safety Act, 15 U.S.C. §§ 1381–1420. Specifically, Defendant argues that the express language of the statute preempts a tort action based upon state law.

Section 1392(d) of the National Traffic and Motor Vehicle Safety Act provides that:

> Whenever a Federal motor vehicle safety standard established under this subchapter is in effect, no State or political subdivision of a State shall have any authority either to establish, or to continue in effect, with respect to any motor vehicle or item of motor vehicle equipment, any safety standard applicable to the same aspect of performance of such vehicle or item of equipment, which is not identical to the Federal standard....

15 U.S.C. § 1392(d).

Defendant has cited a plethora of cases to the Court in which the safety standards promulgated under § 1392 have been held to preempt lack of air bag claims brought under state product liability law. See *Bass v. General Motors Corp.*, No. Sa–86–ca–279 (W.D.Tex. Sept. 14, 1987) (Sessions, J.); *Kelly v. General Motors Corp.*, 705 F.Supp. 303 (W.D.La.1988) (Little, J.). For further cites see Brief in Support of Defendant Ford Motor Company's Motion for Partial Summary Judgment, April 7, 1988, pgs. 1–3.

Congress enacted the National Traffic and Motor Vehicle Safety Act in order to "reduce traffic accidents and deaths and injuries to persons resulting from traffic accidents." 15 U.S.C. § 1381. In order to achieve these stated objectives, Congress authorized the Secretary of Transportation to enact federal standards which are "practicable and meet the need for motor vehicle safety." Id. at § 1392(a). The standards set by the Secretary for crash protection permit auto manufacturers to choose one of three methods for occupant crash protection, as set out in 49 C.F.R. § 571.208. Specifically, § 571.208 section 4.1.2 states that:

> Each passenger car manufactured on or after September 1, 1973 and before September 1, 1986, shall meet the requirements of sections 4.1.2.1; 4.1.2.2 or 4.1.2.3.
>
> 4.1.2.1 First option—frontal/angular automatic protection system.
>
> 4.1.2.2 Second option—head-on automatic protection system.
>
> 4.1.2.3 Third option—lap and shoulder belt protection system with bell warning.

49 C.F.R. § 571.208 section 4.1.2. Ford complied with this statute by electing to utilize the seat and shoulder harness protection system in the cars that it manufactured during the applicable period. The language of the statute allows the car manufacturers three options to choose from. An air bag restraint system is not one of the listed options.

As this Court's jurisdiction over this matter is based on diversity of citizenship, the Court must follow the substantive law of Texas. *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Haught v. Maceluch*, 681 F.2d 291, 292 (5th Cir.1982); *Oss v. Gentry*, 634 F.Supp. 482, 483 (W.D.Tex.1985). The first step in making the *Erie* application is to determine the state law as declared by that state's supreme court. *Haught*, 681 F.2d at 295–96. However, any recovery based upon the products liability laws of Texas in regard to Plaintiffs' air bag claim would result in an actual conflict with the above cited federal statute. Therefore, since the Supremacy Clause [1] requires all conflicts between federal and state law to be resolved in favor of federal law, this Court has little choice but to grant Defendant's motion for partial summary judgment.

---

**1.** Article VI, clause 2 states:

This constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, and anything in the constitution or laws of any state to the contrary notwithstanding.

United States Constitution, Art. VI, cl. 2.

*III. Conclusion*

Based on the foregoing reasons, the Court finds that Defendant Ford Motor Company's Motion for Partial Summary Judgment is hereby GRANTED as to Plaintiffs' products liability claim regarding the lack of an air bag restraint system in Defendant's 1984 Lincoln Town Car, Cartier Edition.

IT IS SO ORDERED.