**Patty CHRISTIAN, Individually and as Next Friend of Craig Christian, Appellant,**

v.

**CHARTER OAK FIRE INSURANCE COMPANY, Appellee.**

No. 12-90-00236-CV.

Court of Appeals of Texas, Tyler.

Feb. 17, 1993.

Rehearing Denied March 11, 1993.

John D. Sloan, Longview, for appellant.

Michael Dunn, Longview, Royal H. Brin, Jr., Wayne B. Mason, Dallas, for appellee.

HOLCOMB, Justice.

This is an appeal from a summary judgment in favor of the defendant insurance company. The trial court held that the insurance company had met its obligations by paying the limits of the uninsured [1] motorists provision in the policy for the wrongful death of the decedent and did not owe the plaintiffs for additional damages as bystander-witnesses to the accident.

---

1. The motorist was underinsured by the terms of the policy carried by the Christians. The policy includes underinsured in the definition of uninsured motorists.

We will affirm the judgment of the trial court.

The facts of this case are unusual. Appellants, who were the wife and child of the deceased, were in an insured car, following the decedent who was driving an employer owned car; a third car drove into the decedent. The collision occurred in view of the Appellants; the husband was severely injured, trapped in the car until taken by ambulance to the hospital where he died. The driver at fault was underinsured by the terms of the Appellants' insurance policy. Charter Oak, the Appellants' insurance carrier, paid the Appellants $100,000 (the limit under the uninsured motorist provision of the policy) for the wrongful death of the husband.

The Appellants pled that they "suffered severe mental anguish as a result of being in such close proximity to this tragic car wreck." They argue that this is a separate recoverable cause of action from the wrongful death and survival actions and under the provisions of the policy they should receive $100,000 each for injuries as bystanders to the accident. The wrongful death and survival actions were settled and the parties stipulate that the only remaining issue is whether the bystander action allows a separate recovery. The policy has the standard Insurance Board approved language:

> We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident.

> . . . . .

> The limit of liability shown in the Declarations for "each person" for bodily injury liability is our maximum limit of liability for all damages for bodily injury sustained by one person in any one auto accident. Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for bodily injury liability is our maximum

limit of liability for all damages for bodily injury resulting from any one auto accident. The limit of liability shown in the Declarations for "each accident" for property damage liability is our maximum limit of liability for all damages to all property resulting from any one auto accident.

This is the most we will pay regardless of the number of:

1. Covered persons;
2. Claims made;
3. Policies or bonds applicable; .
4. Vehicle or premiums shown in the Declarations; or
5. Vehicles involved in the accident.

The Christians' policy had a one-hundred thousand to three-hundred thousand ($100,-000 to $300,000) dollar limit on the Christians' uninsured motorist coverage. Appellants argue that the wrongful death action is for the injuries to the husband and that the wife and child are "each persons" separately injured, entitled to a separate recovery up to the limit of the policy for "each accident" or $300,000.

Charter Oak counters that the claims are all "derivative" of the one injury to the decedent and even if the court should decide that there are two distinct causes of action, the policy is limited to one payment, which has been made.

The issue upon which the case turns is: Are the damages for emotional distress as a bystander witness to the death of a husband or father different from the damages for emotional distress for the wrongful death of that person?

▮ Texas recognizes a theory of bystander recovery for the negligent infliction of emotional harm.[2] *Boyles v. Kerr,* 1992 WL 353277, D–0963 (Tex. December 2, 1992), and *City of Pasadena v. Freeman,* 731 S.W.2d 590 (Tex.Civ.App.–Houston [14th Dist.] 1987), *aff'd sub nom., Freeman v. City of Pasadena,* 744 S.W.2d 923 (Tex.1988). Appellants argue that *Freeman* clearly establishes a separate cause of

---

**2.** Texas has recognized bystander recovery as stating a cause of action since *Hill v. Kimball,* 76 Tex. 210, 13 S.W. 59 (Tex.1890), when a woman

recovered for the physical manifestations (miscarriage) of negligently inflicted emotional distress (profane, bloody fight in her presence).

action for bystanders. *Freeman* stands for the proposition that stepfather has no claim under the WRONGFUL DEATH ACT and could not recover bystander damages for emotional distress without having witnessed the accident. *City of Pasadena v. Freeman*, 731 S.W.2d at 592; *Freeman v. City of Pasadena*, 744 S.W.2d at 924 (Ray, J. concurring). Freeman claimed his damages for mental anguish as a bystander while his wife, the deceased boy's mother, claimed her mental anguish under the WRONGFUL DEATH ACT. To that extent, *Freeman* recognized a separate cause of action for a bystander. The judgment of the trial court was modified to remove the recovery of bystander damages both for Freeman and the mother of an injured boy, because they had not seen the accident. *City of Pasadena v. Freeman*, 731 S.W.2d at 596. However, Texas has recognized that in an action for wrongful death the beneficiary did not have to witness the injury to recover mental anguish. *Sanchez v. Schindler*, 651 S.W.2d 249, 254 n. 6 (Tex.1983).

■ "Mental anguish" is an element of damages recoverable in a suit for wrongful death. *Moore v. Lillebo*, 722 S.W.2d 683 (Tex.1986). "Mental anguish represents an emotional response to the death itself.... Mental anguish is concerned 'not with the benefits [the beneficiaries] have lost, but with the issue of compensating them for their harrowing experience resulting from the death of a loved one.'" *Id.*, at 688 (citations omitted).

■ Our law creates *one* cause of action in which all spouses, children, and parents may combine to recover their damages. TEX.CIV.PRAC. & REM.CODE § 71.004 (Vernon 1986). The statute uses the language: "An action ... is for the exclusive benefit of the surviving spouse, [and] children ... of the deceased," and, "The surviving spouse [and] children ... may bring the action *or one or more* of those individuals ... for the benefit of all." TEX.CIV. PRAC. & REM.CODE ANN. § 71.004(a) and (b) (emphasis added). Thus, an action for

wrongful death is one action, no matter how many claimants are separately injured by the death. *See Madison Indep. School Dist. v. Kyle*, 658 S.W.2d 149 (Tex.1983). *Kyle* also interpreted the TORT CLAIMS ACT to limit the recovery for the death of one person to the statutory limit of $100,000 for each death, no matter how many claimants existed. *Id.* at 150. We find support for this construction in *Witty v. American Gen. Capital Dist., Inc.*, 727 S.W.2d 503, 506 (Tex.1987), where the court held that "[t]here is no basis for creating a legal distinction among numerous allegations of mental anguish claimed to be suffered separately as a result of different aspects of the same injury." [3]

Appellant argues that the TEX.INS.CODE ANN. art. 5.06–1(5) (Vernon 1981) words are mandatory, and the legislative intent was that all claims for injury that one could recover from the tortfeasor be recoverable under the uninsured motorists policy. The Appellant overlooks the other words in the code that prevent the global interpretation desired: "in an amount up to the limit specified in the policy."

Appellants pled that their bystander injuries were the "mental anguish" they suffered from seeing the accident. They assert that under the language of the insurance policy there are separate causes of actions as separate injuries similar to the action sustained in *City of Austin v. Davis*, 693 S.W.2d 31 (Tex.App.–Austin 1985, writ ref'd n.r.e.). In *Davis*, the father disclaimed a recovery under the TORT CLAIMS ACT for the wrongful death of his son, but sued as a bystander for the mental anguish he sustained in finding his son's body. *Id.* at 34. Under that specific circumstance the appellate court held that the bystander claim was a separate cause of action "not derivative of the statutory wrongful death action." *Id.* This issue is not before the court. The Appellants have disclaimed no cause, but assert multiple grounds for the recovery of their emotional distress. While a second cause of action may be sustained the recovery of damages is limited to the

---

**3.** The plaintiff in *Witty* was injured and received worker's compensation benefits which barred a

separate common law mental anguish action which arose from the compensated accident.

injury, not the number of theories available to recover damages for the injury. Therefore, *Davis* does not support the Appellant's attempt to sustain a second cause of action since they have not disclaimed, and indeed already settled, their claim for mental anguish as part of the wrongful death action. *See Stracener v. USAA*, 777 S.W.2d 378 (Tex.1989) (*inter*-policy stacking of claims allowed), and *Upshaw, Et Al. v. The Trinity Cos.*, 842 S.W.2d 631 (Tex. 1992) (*intra*-policy stacking of claims not allowed).

The Appellants have recovered under the wrongful death action. Since mental anguish is an element of damages for wrongful death, they have settled on their recovery for the mental anguish they suffered up to the limit of the uninsured motorist policy. Therefore the trial court correctly found that the Appellants had no further claim against the Appellee insurance carriers and properly granted the Appellee's motion for summary judgment.

The judgment of the trial court is affirmed.