Leslie VANDEWATER, individually and
as next friend of Jordan Vandewater,
a Minor, Appellant,

v.

AMERICAN GENERAL FIRE AND
CASUALTY COMPANY,
Appellee.

No. 3–93–282–CV.

Court of Appeals of Texas,
Austin.

Sept. 21, 1994.

Rehearing Overruled Feb. 8, 1995.

J. Robert McKissick, Spagnoletti & Associates, Houston, for appellant.

Michael W. Eady, Brown McCarroll & Oaks Hartline, Austin, for appellee.

Before POWERS, JONES and KIDD, JJ.

POWERS, Justice.

"Leslie Vandewater, Individually and as Next Friend of Jordan Vandewater, a Minor," appeals from a summary judgment rendered in a suit for declaratory judgment brought by American General Fire and Casualty Company. We will reverse the trial-court judgment and remand the cause to the trial court for proceedings not inconsistent with our opinion.

## THE CONTROVERSY

Leslie Vandewater contracted cytomegalovirus while employed by Vandewater Construction Company. She was pregnant at the time. As a result, her unborn child contracted the virus and was born mentally retarded to a degree that requires around-the-clock care. His name is Jordan. From statements in the record, we estimate Jordan is presently about age ten.

From the parties' briefs we learn that "Leslie Vandewater, Individually and as Next Friend of Jordan Vandewater," sued Jason Vandewater and Vandewater Construction Company in the United States District Court for the Western District of Texas, Austin Division. The litigants settled and compromised that suit. One element of the agreement required American General to pay the applicable policy limit of an insurance policy issued to Vandewater Construction Company, as that limit may be determined in a declaratory-judgment action to be brought in a district court of the State of Texas.

Accordingly, on August 10, 1992, American General filed in state district court the lawsuit now before us on appeal, seeking a declaratory judgment that the applicable policy limit is $100,000 rather than the $500,000 claimed by the defendants named in American General's original petition. Those defendants are: Vandewater Construction Company, Leslie Vandewater, and Jordan Vandewater. The petition averred affirmatively that Jordan is a minor, that service of citation

upon Jordan was not requested "at this time," and that Mark L. Kincaid should be appointed attorney ad litem for Jordan. On September 10, 1992, Leslie filed an original answer purportedly on behalf of herself "Individually, And as Next Friend of Jordan Vandewater, a Minor." She admitted American General's allegations save those in which the insurer alleged that the applicable policy limit was $100,000. She joined in the request that the court appoint Kincaid "attorney ad litem to represent the interests of Jordan Vandewater in this proceeding." Vandewater Construction Company appeared in the cause by general denial filed November 12, 1992.

After American General moved for summary judgment, all the parties moved jointly that the trial court "enter an order appointing Mark Kincaid as Guardian Ad Litem for" Jordan, based on the following allegations: (1) Jordan was a minor; (2) he had no legal guardian of either his person or his estate; and (3) "[t]here is a possible conflict in this case between the interests of the minor and that of the other defendants." The trial judge signed an order on the same day the parties filed their joint motion. The order recited the motion was heard and considered, then decreed as follows:

> Mark Kincaid is hereby appointed by the Court as Guardian Ad Litem for the purposes of bringing this action for and on behalf of Jordan Vandewater, a minor, *and to represent the minor in this proceeding.*

(Emphasis added). The pleadings and other papers in the record indicate that Leslie, notwithstanding such appointment, continued to represent Jordan in the suit. She filed afterwards a first amended original answer and counterclaim, a set of stipulations with the other parties, and a response to American General's motion for summary judgment, all purportedly for herself "Individually, and

as Next Friend of Jordan Vandewater, a Minor."

On February 17, 1993, the trial judge signed a purported final judgment in the cause, based on the court's rulings on opposing motions for summary judgment. We find in the record American General's motion for summary judgment; we cannot find in the record a motion for summary judgment filed by "Leslie Vandewater, Individually and as Next Friend of Jordan Vandewater, a Minor," although the purported final judgment declares that it is based in part on such a motion, which the court denied after hearing and consideration.[1] The purported final judgment sustained American General's motion for summary judgment and declared that the applicable policy limit was $100,000. Leslie moved unsuccessfully for a new trial and filed an appeal bond after the court overruled her motion. In each instance, she did so "Individually, and as Next Friend of Jordan Vandewater, a Minor." She has filed a brief in this Court in the same capacities.

The record does not show affirmatively that Jordan, a minor, was served with citation in the cause. The record does not indicate that Kincaid filed any answer or other pleading, motion, or other document in the cause, purporting to represent Jordan. The purported final judgment does not mention Kincaid but recites that it runs against Leslie "Individually, and as Next Friend of Jordan Vandewater, a Minor." Kincaid did not file an appeal bond or a brief on Jordan's behalf.

After submission of the cause on appeal, we discovered in the record Kincaid's appointment as Jordan's guardian ad litem and the absence of any indication that Jordan was served with citation. We asked counsel to furnish briefs discussing: (1) whether the trial court had acquired jurisdiction over Jordan's person in the absence of service of citation; (2) whether Leslie possessed au-

---

1. Leslie filed a response to American General's motion for summary judgment, acting for herself and purportedly for Jordan as next friend. In the response, Leslie prayed that the trial court deny American General's motion for summary judgment "and in conjunction therewith grant [her] Counterclaim and declare that" the applicable policy limit is $500,000. We believe this is what is contemplated in the court's judgment where it refers to a motion for summary judgment filed by Leslie.

thority to represent Jordan after Kincaid's appointment; and (3) whether the trial-court judgment was a final judgment binding Jordan. Broadly speaking, counsels' briefs indicate the following positions: Leslie's appearance by an answer as Jordan's next friend constituted a waiver of any necessity for citation upon Jordan; his interests were therefore before the court for adjudication; Leslie could lawfully continue to represent Jordan as next friend even after Kincaid's appointment as Jordan's guardian ad litem; and thus the trial-court judgment was final and binding upon Jordan. We disagree with these positions.

## DISCUSSION AND HOLDINGS

Texas Rule of Civil Procedure 124 provides that judgment shall not "be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed by these rules, except where otherwise expressly provided by law or these rules." Tex. R.Civ.P. 124. "An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him." Tex.R.Civ.P. 121.

■■■ A minor is not sui juris; generally he may not sue or be sued except as the rules of procedure provide. If a minor has no legal guardian, he may *sue* and be represented by a "next friend" who shall have the same rights as a guardian concerning such suit. Tex.R.Civ.P. 44. We find in the rules no provision for a minor to *be sued* through a "next friend." Rule 173 provides, however, that the trial "court shall appoint a guardian ad litem" for a minor in either of two situations: (1) when a minor "has no guardian within this State;" or (2) when a minor "is a party to a suit either as plaintiff, defendant or intervenor and is represented by a next friend or a guardian who appears to the court to have an interest adverse to such minor."

■■■ Being non sui juris, a minor cannot by voluntary appearance waive service of the citation that is essential for the trial court to obtain jurisdiction over his person. Nor may the voluntary appearance by a minor's next friend or guardian ad litem, purportedly on the minor's behalf, waive the necessity for issuance, service, and return of citation. Indeed the trial court is without jurisdiction to appoint a minor's representative until service of citation on the minor is effected. *See Sprague v. Haines,* 68 Tex. 215, 4 S.W. 371, 373 (1887); *Morris v. Drescher,* 123 S.W.2d 958, 959–60 (Tex.Civ.App.—Waco 1939, writ ref'd); *Wright v. Jones,* 52 S.W.2d 247, 250–52 (Tex.Comm'n App.1932, holdings approved). *See generally* 1 *Texas Civil Practice* § 5.16, at 500 (Diane M. Allen et al. eds., 1992 ed.); 2 *Texas Civil Practice* § 11.7, at 10 (Diane M. Allen et al. eds., 1992 ed.). Moreover, service of process upon the minor defendant must appear *affirmatively* in the record—an exception to the general rule that service on a defendant may be presumed on appeal. *De Proy v. Progakis,* 269 S.W. 78, 79 (Tex.App.1925); *Wright,* 52 S.W.2d at 251; *Sprague,* 4 S.W. at 373; 1 *Texas Civil Practice, supra,* at 500; *cf. Orange Grove Indep. Sch. Dist. v. Rivera,* 679 S.W.2d 482, 483 (Tex.1984) (foregoing rules not applicable under facts of particular case where insurer sued to set aside worker's compensation award; the court stated that its holding "does not suggest that suit and service of process requirements outside the worker's compensation area are changed by this decision").

■■■ The present record does not show affirmatively that citation was issued, served upon Jordan, and a return thereof filed. We therefore hold the trial court never acquired jurisdiction over Jordan's person. Consequently, the trial court was powerless to render a final judgment binding Jordan's interests. American General's action against Jordan, to that end, was not severed from its action against Leslie and Vandewater Construction Company. Because the trial-court judgment does not dispose of all parties and issues, the judgment is not a final judgment within our power to review. *North E. Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895

(Tex.1966); *Baker v. Hansen*, 679 S.W.2d 480, 481 (Tex.1984).

■ Even if we assume the trial court acquired jurisdiction over Jordan's person, empowering the court to appoint for him a representative, we believe the trial-court order appointing Kincaid deprived Leslie of any power to represent Jordan thereafter. Kincaid's appointment could only rest upon a conflict of interest between Leslie and Jordan because Jordan had an existing guardian in Leslie. *See* Tex.R.Civ.P. 173. Contrary to American General's assertion, we find no authority for the proposition that a minor defendant may be represented concurrently by a next friend, who files pleadings and motions for the minor, and an appointed guardian ad litem who defends the minor's interests, informally or behind the scene, so to speak. The trial court's implied finding of a conflict of interest between Jordan and Leslie has never been set aside. It would be an anomaly if Leslie could continue to represent Jordan while such a conflict of interest existed. American General assures us there was no real conflict of interest and that Kincaid's appointment was a mere formality. These post hoc suggestions are not indicated by anything in the record, however, and we must take the record as we find it. Formalities mean something in a lawsuit.

After his appointment, Kincaid was Jordan's sole authorized representative in the suit; Kincaid was, in the words of the appointing order, under a duty "to represent the minor in this proceeding." Although not a party to the appeal, Kincaid has assured us by letter outside the record that he worked very hard in that connection and did protect Jordan's interest.[2] While we have no doubt this is true, it is immaterial. Our decision must rest on the contents of our record.

■ In all events, as Jordan's court-appointed representative, Kincaid was the only person authorized to appeal from the trial-

court judgment and he has not done so. Stated another way, Leslie is without "standing" to bring the appeal for Jordan as she has purported to do. We must therefore dismiss the appeal on that additional ground. *See Henderson v. Shell Oil Co.*, 143 Tex. 142, 182 S.W.2d 994, 996 (1944) (appellate court not authorized to entertain appeal to set aside final judgment taken by next friend when he had been removed as "unsuitable" and another appointed in his stead); *Fortson v. Gold State Mut. Life Ins. Co.*, 398 S.W.2d 437, 438 (Tex.Civ.App.—Beaumont 1966, no writ) (parent suing to recover insurance proceeds, individually and as next friend of minor children, lacked "standing" to appeal on behalf of children when she had been removed as next friend and an attorney ad litem had been appointed and did not appeal). *See generally* 43 C.J.S. *Infants* § 233, at 605 (1978).

For the reasons given, we reverse the trial-court judgment and remand the cause to the trial court for proceedings not inconsistent with our opinion.

---

2. It is immaterial that Kincaid represented Jordan in the federal-court proceedings. His representation before that tribunal was limited to proceedings therein. It did not in some manner

carry over to the present action in state court. *See Durham v. Barrow*, 600 S.W.2d 756, 761 (Tex.1980); *Wright*, 52 S.W.2d at 251.