TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON REMAND









NO. 03-93-00282-CV







Leslie Vandewater, Individually and as Next Friend


of Jordan Vandewater, a Minor, Appellant



v.



American General Fire and Casualty Company, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 92-11716, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 Leslie Vandewater, individually and as "next friend" of her minor son, Jordan
Vandewater, appeals from a summary judgment rendered in a suit for declaratory relief brought
by American General Fire and Casualty Company. We originally reversed the trial-court
judgment and remanded the cause to that court on the ground that Jordan was not served with
citation in the cause, was not himself competent to appear in the cause owing to his minority
status, and could not appear as a defendant through the device of a "next friend" representative. 
The supreme court reversed our judgment and remanded the cause to us for a decision on the
merits of the appeal. See Vandewater v. American Gen. Fire and Casualty Co., 890 S.W.2d 811
(Tex. App.--Austin 1994), rev'd per curiam, 38 Tex. Sup. Ct. J. 877 (June 15, 1995). We will
affirm the trial-court judgment.



THE CONTROVERSY


 Leslie, Jordan's mother, contracted a virus while employed by Vandewater
Construction Company. (1) Because she was pregnant with Jordan at the time, he contracted the
virus and was born mentally retarded as a result. In effect at the time was a "Workers
Compensation and Employers Liability Insurance Policy" issued by American General to
Vandewater Construction Company. Leslie's claim for bodily injury came within the Workers
Compensation part of the policy. Jordan's claim comes within Part Two of the policy, entitled
"Employers Liability Insurance." Section "B" of that part declares as follows:



We will pay all sums you legally must pay for damages because of bodily injury
to your employees, provided the bodily injury is covered by this Employers
Liability Insurance.


The damages we will pay, where recovery is permitted by law, include damages: 


 . . . . 


3. for consequential bodily injury to a . . . child . . . of the
injured employee;


 provided that these damages are the direct consequence of
bodily injury that arises out of and in the course of the injured
employee's employment by you; and


4. because of bodily injury to your employee that arises out of and
in the course of employment, claimed against you in a capacity
other than as employer.



(emphasis added). The parties stipulated that Leslie contracted the virus in the course and scope
of her employment by Vandewater Construction Company and that Jordan was never an employee
of that company. It appears undisputed that Jordan's mental retardation is a "consequential bodily
injury to a . . . child . . . of the injured employee." The controversy reduces to the parties'
differing views as to the policy limit applicable to the case under the terms of the policy.

 The "Information Page" of the policy states as follows in item 3.B:



THE LIMITS OF OUR LIABILITY UNDER PART TWO ARE:


BODILY INJURY BY ACCIDENT $100,000 EACH ACCIDENT

BODILY INJURY BY DISEASE $500,000 POLICY LIMIT

BODILY INJURY BY DISEASE $100,000 EACH EMPLOYEE



Section "G" of Part Two provides as follows:



Our liability to pay for damages is limited. Our limits of liability are shown in
item 3.B. of the Information Page. They apply as explained below.


 . . . .


2. Bodily Injury by Disease. The limit shown for "bodily injury by disease-policy limit" is the most we will pay for any damages covered by this
insurance and arising out of bodily injury by disease, regardless of the number
of employees who sustain bodily injury by disease. The limit shown for
"bodily injury by disease-each employee" is the most we will pay for any
damages because of bodily injury by disease to any one employee.



(Emphasis added).

 The trial court determined that the applicable policy limit was the $100,000 limit
specified for bodily injury by disease to any one employee. In three points of error, Leslie and
Jordan contend the trial court misconstrued the policy.



DISCUSSION AND HOLDINGS


 Leslie and Jordan contend the applicable policy limit is $500,000. They reason as
follows: (1) the $100,000 limit applies to bodily injury by disease sustained by an "employee"
but the $500,000 limit is not similarly restricted to those having an employee status; (2) Jordan
was not an employee; therefore (3) the $500,000 limit applies to his case. We reject the
reasoning.

 We hold the policy language is not ambiguous. The prescribed policy limits follow
a familiar pattern in specifying one limit per person and another, larger sum as the aggregate limit
of the insurer's liability under the policy for all claims. See 8A John A. Appleman and Jean
Appleman, Insurance Law and Practice § 4801.25 (1981); 15A George J. Couch, Couch on
Insurance § 56.22 (2d ed. 1983). We must give effect to all the provisions of the policy and view
the policy in its entirety. See Liberty Mut. Ins. Co. v. American Employers Ins. Co., 556 S.W.2d
242, 245 (Tex. 1977); National Sec. Life & Casualty Co. v. Davis, 257 S.W. 943, 944 (Tex.
1953). If we accept the reasoning advanced by Leslie and Jordan, the policy is left without an
aggregate limit. Leslie and Jordan thus advocate an unreasonable construction of the policy
language. Absent policy language susceptible of two reasonable interpretations, the language is
not ambiguous and the canon requiring liberal construction in favor of an insured is inapplicable. 
Ranger Ins. Co. v. Bowie, 574 S.W.2d 540, 542 (Tex. 1978); Royal Indem. Co. v. Marshall, 388
S.W.2d 176, 180 (Tex. 1965).

 We hold that Section G.2 of the policy, quoted above, unambiguously places a
$100,000 limit on one employee's claim for bodily injury by disease; and under the express terms
of section B.3 this limit applies to a consequential bodily injury sustained by an injured
employee's child, such as Jordan. See McGovern v. Williams, 741 S.W.2d 373 (Tex. 1987)
(wife's loss of consortium not a bodily injury separate from husband-employee's bodily injuries
for purposes of applying insurance-policy limits); Madisonville v. Independent School District v.
Kyle, 658 S.W.2d 149, 150 (Tex. 1983) (parents' claim for consequential injuries, including loss
of companionship and society, resulting from death of child subject to $100,000 per-person limit
and not $300,000 aggregate limit specified in Texas Tort Claims Act); Couch, supra, § 56.47. 
Our holding is consistent with decisions in other jurisdictions construing similar policy language. 
See Williams v. Standard Accident Ins. Co., 188 F.2d 206 (5th Cir. 1951); Wiltshire v.
Government of Virgin Islands, 893 F.2d 629 (V.I. App. 1990); Re Employers' Liab. Assurance
Corp., 156 So. 447 (La. 1934); State Farm Mut. Auto. Ins. Co. v. Chambers, 860 S.W.2d 19
(Mo. Ct. App. 1993); Wilson v. Capital Fire Ins. Co., 286 N.W. 331 (Neb. 1939); Hutton v.
Martin, 262 P.2d 202 (Wash. 1953); Federal Kemper Ins. Co. v. Karlet, 428 S.E.2d 60 (W. Va.
1993). 

 For the reasons given, we affirm the trial-court judgment. 



 John Powers, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: November 1, 1995

Publish
1.   We invite reference to our original opinion at 890 S.W.2d 811 for a complete
description of the procedural history of the litigation. 



in bodily injury by disease. The limit shown for
"bodily injury by disease-each employee" is the most we will pay for any
damages because of bodily injury by disease to any one employee.



(Emphasis added).

 The trial court determined that the applicable policy limit was the $100,000 limit
specified for bodily injury by disease to any one employee. In three points of error, Leslie and
Jordan contend the trial court misconstrued the policy.



DISCUSSION AND HOLDINGS


 Leslie and Jordan contend the applicable policy limit is $500,000. They reason as
follows: (1) the $100,000 limit applies to bodily injury by disease sustained by an "employee"
but the $500,000 limit is not similarly restricted to those having an employee status; (2) Jordan
was not an employee; therefore (3) the $500,000 limit applies to his case. We reject the
reasoning.

 We hold the policy language is not ambiguous. The prescribed policy limits follow
a familiar pattern in specifying one limit per person and another, larger sum as the aggregate limit
of the insurer's liability under the policy for all claims. See 8A John A. Appleman and Jean
Appleman, Insurance Law and Practice § 4801.25 (1981); 15A George J. Couch, Couch on
Insurance § 56.22 (2d ed. 1983). We must give effect to all the provisions of the policy and view
the policy in its entirety. See Liberty Mut. Ins. Co. v. American Employers Ins. Co., 556 S.W.2d
242, 245 (Tex. 1977); National Sec. Life & Casualty Co. v. Davis, 257 S.W. 943, 944 (Tex.
1953). If we accept the reasoning advanced by Leslie and Jordan, the policy is left without an
aggregate limit. Leslie and Jordan thus advocate an unreasonable construction of the policy
language. Absent policy language susceptible of two reasonable interpretations, the language is
not ambiguous and the canon requiring liberal construction in favor of an insured is inapplicable. 
Ranger Ins. Co. v. Bowie, 574 S.W.2d 540, 542 (Tex. 1978); Royal Indem. Co. v. Marshall, 388
S.W.2d 176, 180 (Tex. 1965).

 We hold that Section G.2 of the policy, quoted above, unambiguously places a
$100,000 limit on one employee's claim for bodily injury by disease; and under the express terms
of section B.3 this limit applies to a consequential bodily injury sustained by an injured
employee's child, such as Jordan. See McGovern v. Williams, 741 S.W.2d 373 (Tex. 1987)
(wife's loss of consortium not a bodily injury separate from husband-employee's bodily injuries
for purposes of applying insurance-policy limits); Madisonville v. Independent School District v.
Kyle, 658 S.W.2d 149,