**UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant,**

v.

**Diana KEITH, Appellee.**

No. 03–96–00511–CV.

Court of Appeals of Texas, Austin.

July 3, 1997.

Rehearing Overruled Aug. 14, 1997.

James V. Sylvester, Ford & Ferraro, Austin, for Appellant.

Robert E. Valdez, Linda L. Daniels, San Antonio, for Appellee.

Before ABOUSSIE, KIDD and B.A. SMITH, JJ.

KIDD, Justice.

In this appeal we explore the outer boundaries of the bystander cause of action in Texas. Diana Keith, appellee, sued her own uninsured/underinsured motorist carrier, United Services Automobile Association (USAA), appellant, contending that she was entitled to recover damages as a bystander for the tragic death of her daughter who was killed in an automobile accident that occurred about a block from her home. Although not an actual eyewitness to the accident, Keith moved for summary judgment on the basis that her presence at the accident scene within minutes of the collision was sufficient to establish bystander status. USAA also moved for summary judgment. The trial court granted Keith's motion and denied that of USAA. Convinced that there are fact issues which prevent summary judgment for either party, we will reverse the judgment of the trial court and remand the cause for a trial on the merits.

## BACKGROUND

On the night of May 15, 1995, Lyndsay Keith was the passenger in a car that swerved out of control and hit a tree. Lyndsay died in a matter of hours as a result of the injuries she sustained in the accident. The accident occurred about a block from the Keith residence where Mrs. Keith was sleeping. Adam Hahn, a friend of Lyndsay's who had been following the car Lyndsay was in, drove to the Keith residence shortly after seeing the wrecked car, roused Diana Keith, Lyndsay's mother, and took her to the accident scene. Adam was in shock when he arrived at the Keith residence and was only able to tell Mrs. Keith that his urgency had "something to do with Lyndsay." According to Mrs. Keith's testimony, Adam "grabbed me by the arm and dragged me down the stairs and I didn't know what was going on and he couldn't talk. He was in shock and he threw me into the car and raced over to the accident."

When Mrs. Keith arrived at the scene, the wrecked car was still smoking and a taillight was blinking. Mrs. Keith could hear her daughter making "scary" noises and crying. Mrs. Keith does not recollect when she arrived at the accident scene, who was there when she arrived, or whether the police or EMS were there when she arrived. Mrs. Keith does remember the sounds of chain saws and the jaws of life as workers struggled to free Lyndsay.

Mrs. Keith was prevented from getting too close to her daughter's side of the car when she arrived and while rescuers were struggling to remove Lyndsay. Mrs. Keith did not see her daughter until after Lyndsay was removed from the car. She was allowed to ride in the front of the ambulance from the accident scene to the location where the helicopter was to fly Lyndsay to the hospital. Mrs. Keith followed Lyndsay to the hospital and waited in a room next to the operating room until she was informed at around 3:20 a.m. that Lyndsay had died.

In addition to claims as the representative of Lyndsay's estate and claims under the Texas Wrongful Death Statute, Mrs. Keith claimed benefits under the uninsured/underinsured portion of her USAA auto policy for injuries she suffered as a bystander to the accident. USAA rejected the bystander claim. Mrs. Keith subsequently filed suit.

Mrs. Keith moved for summary judgment arguing that she had a bystander claim for which USAA was responsible. USAA, in turn, filed its own motion for summary judgment as well as a response to Keith's motion for summary judgment. The trial court issued an order granting Keith's motion for summary judgment. It is from that order that USAA appeals.

## DISCUSSION

The standards for reviewing a motion for summary judgment are well established: (1) The movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). We review the trial court's summary judgment de novo. *Sasser v. Dantex Oil & Gas, Inc.,* 906 S.W.2d 599, 602 (Tex.App.—San Antonio 1995, writ denied). Accordingly, we must look at Keith's bystander claim to determine whether it should have been granted as a matter of law.

**Bystander Cause of Action**

The Texas Supreme Court defined the cause of action for bystander recovery when it formally adopted the foreseeability factors delineated by the California Supreme Court in *Dillon v. Legg,* 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912 (1968). *Freeman v. City of Pasadena,* 744 S.W.2d 923 (Tex.1988). Both the *Freeman* court and the *Dillon* court recognized that the real issue being addressed was actually a question of duty: whether the tortfeasor owes a duty of due care to the bystander who has sustained an emotional injury.

■ The *Freeman* court held that the foreseeability-duty questions are questions of law for the court to decide. *Freeman,* 744 S.W.2d at 924. The *Dillon* court, however, recognized that the foreseeability elements are not "immutable" and must be applied on

a case-by-case basis. *Dillon,* 69 Cal.Rptr. at 81, 441 P.2d at 921. It is apparent, therefore, that although the question of whether a duty exists is a matter of law, there may be factual disputes within the legal framework of duty concerning the foreseeability factors. In other words, while the existence of a duty is a question of law for the court to decide, it must determine the matter from the facts surrounding the occurrence in question. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990).

The factors set out by the *Dillon* court to determine whether the tortfeasor should reasonably foresee injury to a plaintiff, *i.e.* whether he owes the plaintiff a duty of due care, are as follows:

(1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it; (2) Whether the shock resulted from direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.

*Dillon,* 69 Cal.Rptr. at 80, 441 P.2d at 920.

■ Mrs. Keith moved for summary judgment on the basis that she was owed a duty of care which was breached. The existence of a duty and consequently the existence of a bystander cause of action depends on whether the facts are sufficient to show the three factors above. Lyndsay Keith was Dianne Keith's natural daughter; this constitutes a close relationship sufficient to satisfy the third factor. We are left, therefore, with a combination or melding of factors one and two: whether Mrs. Keith was in close enough proximity, spatially and temporally, to experience a contemporaneous perception of the accident—as opposed to being told about it.

Texas cases have permitted mental anguish recovery to a bystander who was not an eyewitness. *City of Austin v. Davis,* 693 S.W.2d 31 (Tex.App.—Austin 1985, writ ref'd n.r.e.) (father who found his missing child at the bottom of an airshaft after searching for

him all over a hospital was allowed recovery for mental anguish as a bystander); *Bedgood v. Madalin,* 589 S.W.2d 797 (Tex.Civ.App.—Corpus Christi 1979), *rev'd on other grounds,* 600 S.W.2d 773 (Tex.1980) (mental anguish recovery allowed for father who, while in the back yard, heard his child scream and then heard a thud as a car hit his son); *Landreth v. Reed,* 570 S.W.2d 486 (Tex.Civ.App.—Texarkana 1978, no writ) (court allowed recovery for mental anguish suffered by young girl who watched efforts to resuscitate her fourteen-month-old sister).

However, bystander recovery has only been allowed when the plaintiff was so closely connected with the accident scene as to be a part of the event itself. *Compare Freeman v. City of Pasadena,* 744 S.W.2d 923 (Tex. 1988) (recovery for mental anguish denied to stepparent who was told of the accident and then taken to witness the aftermath) *and Lehmann v. Wieghat,* 917 S.W.2d 379 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (father was not near the scene of the accident nor did he contemporaneously perceive the occurrence as a matter of law when he heard shots but was told that his son was shot before he saw him) *with General Motors Corp. v. Grizzle,* 642 S.W.2d 837 (Tex.App.—Waco 1982, writ dism'd) (mental anguish recovery allowed for mother who did not witness accident but was travelling behind daughter's truck and came upon the accident within minutes).

Therefore, our task is to determine whether there are genuine and material fact issues that would prevent us from ruling *as a matter of law,* on either side. Mrs. Keith was asleep at the time of the accident and did not see or hear anything at the instant the accident occurred. The geographic proximity of Mrs. Keith to the accident was certainly close: she arrived when the accident was still fresh. Because Hahn was in shock when he went to wake Mrs. Keith, he did not tell her about the accident, but she certainly knew something was wrong and that it concerned Lindsay. Finally, Mrs. Keith did not come upon the scene unwittingly and was not out searching for Lindsay.

██ Although there is little dispute concerning the operative facts discussed above,

USAA insists that the ultimate issue of whether Mrs. Keith had a contemporaneous perception of the accident is in and of itself a material fact issue in dispute. We agree. The fact pattern here presents disputes that are not amenable to being determined in the context of a summary judgment.

## CONCLUSION

Because there are genuine issues of material fact which prevent us from deciding this case as a matter of law, we reverse the judgment of the trial court and remand this cause for a trial on the merits.