UNITED SERVICES AUTOMOBILE ASSOCIATION, Petitioner,

v.

Dianna KEITH, Respondent.

No. 97–0871.

Supreme Court of Texas.

June 5, 1998.

James V. Sylvester, Austin, for petitoner.

Linda L. Daniels, San Antonio, for respondent.

PER CURIAM.

In these cross-appeals, the court of appeals described this case as one in which it "explore[d] the outer boundaries of the bystander cause of action in Texas." 953 S.W.2d 365. Because the court of appeals exceeded those boundaries when it held that a cause of action may exist under the facts presented here, we reverse the judgment of the court of appeals and render judgment for United States Automobile Association (USAA).

The facts are not in dispute. Dianna Keith's daughter, Lyndsay Keith, was a passenger in a car that swerved out of control and hit a tree. The owner of the vehicle was uninsured or underinsured. The accident occurred approximately one block from the Keith residence where Dianna Keith was asleep at the time of the crash. Shortly after the accident, Adam Hahn, a friend of Lyndsay's who had been following the car in which she was a passenger, drove to the Keith residence and awoke Dianna Keith. From the summary judgment evidence, it appears that Hahn was in shock and was only able to tell her that his urgency had "something to do with Lyndsay." Hahn rushed Dianna Keith to the accident scene, where the wrecked car was still smoking and a tail-light was blinking. Keith could not see her daughter, but she could hear her inside the wreckage making "scary noises and crying out."

After Lyndsay was removed from the car, Dianna Keith accompanied her daughter in the ambulance to a location where a helicopter took Lyndsay to the hospital. Keith later arrived at the hospital and waited while her daughter was in the operating room. She was informed around 3:20 a.m. that Lyndsay had died.

Dianna Keith was insured by USAA. She presented claims under her uninsured/underinsured motorist policy as the representative of Lyndsay's estate, as a beneficiary under the Texas Wrongful Death Statute, and for her own injuries as a bystander. USAA settled the estate's claims for $20,000 but denied Dianna Keith's bystander recovery claim. Keith filed suit on a bystander theory of recovery and elected not to pursue her wrongful death claim. Both parties moved for summary judgment. The trial court granted summary judgment for Dianna Keith, but the court of appeals reversed and remanded, concluding that there was a fact issue. Each party filed a petition for review in this Court.

■ Texas has adopted the bystander elements that the California Supreme Court identified in *Dillon v. Legg*, 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912, 920 (1968). *See Freeman v. City of Pasadena*, 744 S.W.2d 923, 923–24 (Tex.1988); *see also Edinburg Hosp. Auth. v. Trevino*, 941 S.W.2d 76, 80 (Tex.1997); *Boyles v. Kerr*, 855 S.W.2d 593, 597–98 (Tex.1993); *Reagan v. Vaughn*, 804 S.W.2d 463, 467 (Tex.1990). To recover as a bystander, a plaintiff is required to establish that:

(1) The plaintiff was located near the scene of the accident, as contrasted with one who was a distance away from it;

(2) The plaintiff suffered shock as a result of a direct emotional impact upon the plaintiff from a sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and

(3) The plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.

*See Freeman,* 744 S.W.2d at 923–24.

The court of appeals correctly recognized that the existence of a bystander cause of action depends on whether the plaintiff can prove these three elements. However, the court of appeals erroneously concluded that although there was "little dispute concerning the operative facts ..., the ultimate issue of whether Mrs. Keith had a contemporaneous perception of the accident is in and of itself a material fact issue in dispute." 953 S.W.2d at 368.

 The bystander elements are flexible and should be applied on a case-by-case basis. *Freeman,* 744 S.W.2d at 924. But, when the material facts are undisputed, as they are here, whether the plaintiff is entitled to recover as a bystander is a question of law. *Id.* at 923.

The facts of this case are similar to those in *Freeman.* John Freeman sued the City of Pasadena for mental anguish damages he allegedly suffered because of an automobile accident involving two of his stepsons. *Id.* Freeman was at home when the accident occurred. An unidentified person rang the front doorbell and informed Freeman of the accident. Freeman rushed to the scene where he observed the wrecked automobile and saw one of his stepsons covered with blood and lying on a stretcher. *Id.* Based on "the undisputed facts," we concluded that Freeman "did not contemporaneously perceive the accident," and therefore, we declined to allow a bystander cause of action. *Id.* at 923–24.

Like *Freeman,* the undisputed facts in this case show that Dianna Keith was not at the scene when the accident occurred. She did not see or hear the crash. The emotional impact that she undoubtedly suffered did not result from a sensory and contemporaneous observance of the accident. In this regard, Dianna Keith is in the same position as any other close relative who sees and experiences the immediate aftermath of a serious injury to a loved one. For example, we have not recognized bystander recovery simply because a relative arrived on the scene in time to see an injured loved one placed in an ambulance. *See Freeman,* 744 S.W.2d at 923. The fact that Dianna Keith arrived on the scene while rescue operations were underway and witnessed her daughter's pain and suffering at the site of the accident rather than at the hospital or some other location does not affect the analysis. Although we have not insisted that a bystander must be within a "zone of danger" to recover, Texas law still requires the bystander's presence when the injury occurred and the contemporaneous perception of the accident. *See id.* at 923.

Accordingly, without hearing oral argument, the Court grants both USAA's and Dianna Keith's petitions for review, reverses the judgment of the court of appeals, and renders judgment that Keith take nothing on her bystander claim. Tex.R.App. P. 59.1.