In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-348 CV


____________________



JANICE ELLEN SMITH, Appellant



V.



ALLSTATE INDEMNITY COMPANY, Appellee






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-157,388






OPINION


 Janice Smith sought underinsured motorist benefits from Allstate Indemnity
Company under her insurance policy. Allstate filed suit requesting a declaratory judgment
that it had no obligation to pay the benefits. Smith filed a counterclaim. A jury returned
a verdict in Smith's favor, but the trial court entered a judgment in Allstate's favor
notwithstanding the verdict. 


 Smith contends the trial court erred in granting Allstate's motion for judgment
notwithstanding the verdict. Allstate based its motion on three grounds, but we consider
only the ground challenging Smith's right to recover as a bystander as it is dispositive. 
Because Smith was not present when the injury occurred and did not contemporaneously
perceive the accident, we affirm the trial court's judgment. See United Servs. Auto. Ass'n
v. Keith, 970 S.W.2d 540 (Tex. 1998). 

The Law Of The Case Doctrine 


 Smith first relies on the law of the case doctrine. She does so because of this
court's earlier opinion in a case arising out of the same car accident. See Allstate Indem.
Co. v. Smith, No. 09-98-119-CV, 2000 WL 85337 (Tex. App.--Beaumont Jan. 27, 2000,
pet. denied)(not designated for publication). The law of the case doctrine is "that principle
under which questions of law decided on appeal to a court of last resort will govern the
case throughout its subsequent stages." Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex.
1986). The doctrine applies to questions of law, not questions of fact. Id. Discretionary
with the court, the law of the case doctrine does not apply to dicta, earlier holdings that
are clearly erroneous, or a later stage of litigation that presents different parties, different
issues, or more fully developed facts. See Brown Forman Corp. v. Brune, 893 S.W.2d
640, 648 (Tex. App.--Corpus Christi 1994, writ denied) (application of doctrine
discretionary with court); Huckabay v. Irving Hosp. Auth., 879 S.W.2d 64, 66 n.1 (Tex.
App.--Dallas 1993, writ dism'd by agr.) (doctrine not applicable to dicta); Turboff v.
Gertner, Aron & Ledet Invs., 840 S.W.2d 603, 608 (Tex. App.--Corpus Christi 1992, writ
dism'd) (doctrine not applicable if prior opinion is clearly erroneous); Hudson, 711
S.W.2d at 630 (doctrine not applicable if issues or facts presented on subsequent appeals
not substantially same as in first trial).

 A short procedural history of the case is required. Allstate filed this declaratory
judgment action against Smith in Jefferson County in July 1997 to determine its liability,
if any, under the underinsured motorist coverage provision in the Smith policy. Some
three weeks later, Smith and her husband filed a breach of contract suit against Allstate in
Jasper County. The Jefferson County court granted Smith's plea in abatement. The case
then proceeded to trial in Jasper County, and a Jasper County jury returned a verdict in
favor of the Smiths. Allstate appealed to this court, which issued an opinion stating, in
part, as follows: "[T]here was more than a scintilla of evidence that Janice Smith
contemporaneously perceived the accident." Smith, 2000 WL 85337 at *1. 

 As supporting authority, this court cited City of Austin v. Davis, 693 S.W.2d 31,
33-34 (Tex. App.--Austin 1985, writ ref'd n.r.e.), a case dealing with bystander recovery
by a father who discovered his son's body at the bottom of an air shaft after three hours
of searching. The Davis court held that "contemporaneous perception" does not require
actual presence at the accident scene; the Davis court held an experience that brings the
bystander "so close to the reality of the accident as to render her experience an integral
part of it" will suffice. Id. (quoting General Motors Corp. v. Grizzle, 642 S.W.2d 837,
844 (Tex. App.--Waco 1982, writ dism'd)). This court relied on the construct in Davis
in holding there was more than a scintilla of evidence that Janice Smith
"contemporaneously perceived the accident." The law of the case doctrine does not apply
to questions of fact. But even if the holding in the prior opinion could be construed as a
ruling on an issue of law, giving the holding preclusive effect would be inconsistent with
the ultimate jurisdictional holding in the prior opinion.

 Allstate's first issue on appeal in the Jasper County case was the assertion of error
in the trial court's denial of Allstate's plea in abatement filed in the Jasper County court. 
In ruling on the jurisdictional challenge, this court held that the Jasper County trial court
erred in denying the plea in abatement; and this court remanded the case to the Jasper
County court with instructions to vacate its judgment and abate all proceedings until the
final disposition of the case in Jefferson County. Smith, 2001 WL 85337 at *1. The
opinion properly remanded the Jasper County case to the trial court "with instructions to
vacate its judgment and abate all proceedings pending final disposition of the Jefferson
County case." But the opinion first addressed two rendition points, including the legal
sufficiency of the evidence concerning "contemporaneous perception." 


 As the Texas Supreme Court stated in Perry v. Del Rio, "[O]nce a matter is before
a court of competent jurisdiction, 'its action must necessarily be exclusive' because it is
'impossible that two courts can, at the same time, possess the power to make a final
determination of the same controversy between the parties.'" Perry v. Del Rio, 66 S.W.3d
239, 252 (Tex. 2001) (quoting Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, 1071
(1926)). This case was filed in the Jefferson County court first, and "'its action must
necessarily be exclusive.'" See id. By reversing the Jasper County court and ordering it
to abate all proceedings and vacate its judgment, the prior opinion correctly acknowledged
the dominant jurisdiction of the Jefferson County court. Giving preclusive effect to the
Jasper County trial would be inconsistent with the dominant jurisdiction of the Jefferson
County court. 

 Furthermore, we cannot ignore a governing case from the Texas Supreme Court. 
Not cited in the prior opinion is the Supreme Court decision in Keith. See Keith, 970
S.W.2d 540. In Keith, the Court held the bystander must be present when the injury
occurs and must contemporaneously perceive the accident. Id. at 542. Smith, like Keith,
was not present when the injury occurred and did not contemporaneously perceive the
accident. 




The Judgment Notwithstanding the Verdict 





 A judgment notwithstanding the verdict is properly granted when there is no
evidence to support one or more of the jury findings on an issue necessary to liability. See
Brown v. Bank of Galveston, Nat'l Ass'n, 963 S.W.2d 511, 513 (Tex. 1998); see also
Tex. R. Civ. P. 301. To determine if there is no evidence to support the jury verdict and
uphold the judgment, a reviewing court considers the evidence in the light most favorable
to the verdict and any reasonable inferences that tend to support the verdict. Brown, 963
S.W.2d at 513. If there is more than a scintilla of evidence supporting the jury's finding,
the judgment notwithstanding the verdict must be denied. See Guzman v. Synthes (USA),
20 S.W.3d 717, 720 (Tex. App.--San Antonio 1999, pet. denied). When the trial court's
order states no reason why the judgment notwithstanding the verdict was granted and the
motion presents multiple grounds, as is the case here, the appellant has the burden of
showing the judgment cannot be sustained on any of the grounds stated in the motion. Fort
Bend County Drainage Dist. v. Sbrusch, 818 S.W.2d 392, 394 (Tex. 1991). If the
judgment of the trial court can be upheld on any of the grounds stated in Allstate's motion,
the judgment notwithstanding the verdict must be affirmed. Id.

 Here, the jury found that Smith was a bystander to the accident. Allstate's motion
for judgment notwithstanding the verdict stated as one ground that Smith was not legally
entitled to recover as a bystander because she offered no evidence that would support her
bystander claim. 

The Bystander Claim


 As an element of a bystander claim, Smith must establish she was present when the
injury occurred and contemporaneously perceived the accident. See Keith, 970 S.W.2d
at 542. In Keith, the Texas Supreme Court rendered a take-nothing judgment in an
uninsured/underinsured claim based on a bystander theory of recovery. Id. As in this
case, the claimant in Keith was not at the scene of the accident and did not see or hear the
accident. Id. at 541. As in this case, the claimant in Keith arrived at the scene of the
accident as rescue operations were underway. Id. In Keith, the Texas Supreme Court held
as follows:

 The emotional impact that she undoubtedly suffered did not result from a
sensory and contemporaneous observance of the accident . . . . The fact that
Diana Keith arrived on the scene while rescue operations were underway and
witnessed her daughter's pain and suffering at the site of the accident rather
than at the hospital or some other location does not affect the analysis. 
Although we have not insisted that a bystander must be within a 'zone of
danger' to recover, Texas law still requires the bystander's presence when
the injury occurred and the contemporaneous perception of the accident. 


Id. at 542 (citing Freeman, 744 S.W.2d at 923).

 Smith was in her residence approximately 400 yards from the accident when the
collision occurred. She did not see or hear the crash. She testified as follows in the trial
court below:

 Q. Did you perceive your husband's accident at the same time it occurred?

 A. I did not see the accident happen, no.

 Q. Did you perceive it, hear it, feel it, in any way?

 A. I did not see the accident happen. 

 Q. I guess what I am saying is with your senses, your sight, sound, feel; did
you have any indication that your husband had been involved in an accident
at the contemporaneous moment that it occurred?

 A. At the point in time?

 Q. Yes, ma'am.

 A. The accident? No. 


Smith first observed what she now believes was the accident from her kitchen window
approximately a quarter mile away. All she saw was traffic backed up on the highway. 
She did not think anything about it at the time. She went into the living room to eat ice
cream, and she believes she probably watched television. When she next looked out the
kitchen window, she saw a police vehicle on the highway four hundred yards away. She
then suspected her husband was involved in an accident. Smith's suspicion -- arising after
the accident occurred and based on a view from a kitchen window a quarter mile away
from the accident -- was not a contemporaneous perception sufficient to support a
bystander claim. 

 The Texas Supreme Court's decision in Keith governs this case. Keith, 970 S.W.2d
at 542 (citing Freeman, 744 S.W.2d at 923). The trial court's judgment is affirmed.

 AFFIRMED.

 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on May 22, 2002

Opinion Delivered November 21, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.

CONCURRING OPINION


 I am the only Justice on the present panel who participated in our earlier opinion
which arose out of the same car accident. See Allstate Indem. Co. v. Smith, No. 09-98-119 CV, 2000 WL 85337 (Tex. App.--Beaumont Jan. 27, 2000, pet. denied) (not
designated for publication). At that time, I joined in that portion of the opinion that stated,
"[T]here was more than a scintilla of evidence that Janice Smith contemporaneously
perceived the accident." Smith, 2000 WL 85337 at *1. After careful reconsideration of
the law applicable to the particular facts before us at that time and in the instant case, I
erred. 

 As the lead opinion points out, our prior opinion in Smith relied upon City of Austin
v. Davis, 693 S.W.2d 31, 33-34 (Tex. App.--Austin 1985, writ ref'd n.r.e.). Davis, of
course, was issued by the Austin Court of Appeals. As the lead opinion points out, and
I now too am convinced, we cannot ignore a case of superior precedential value from the
Texas Supreme Court; that being United Services Auto. Ass'n v. Keith, 970 S.W.2d 540,
542 (Tex. 1998). 

 Recall that Keith was an appeal from the granting of summary judgment by the trial
court in favor of the insurance company. The Austin Court of Appeals reversed finding
a fact issue as to whether Mrs. Keith had a contemporaneous perception of her daughter's
accident. Id. at 542. The Supreme Court in Keith reversed and rendered a take nothing
judgment against Mrs. Keith on her bystander claim. Id. The Keith Court set out the
bystander elements Texas jurisprudence has adopted, viz:

 (1) The plaintiff was located near the scene of the accident, as contrasted
with one who was a distance away from it;


 (2) The plaintiff suffered shock as a result of a direct emotional impact
upon the plaintiff from a sensory and contemporaneous observance of
the accident, as contrasted with learning of the accident from others
after its occurrence; and


 (3) The plaintiff and the victim were closely related, as contrasted with
an absence of any relationship or the presence of only a distant
relationship. 


Id. See also Freeman v. City of Pasadena, 744 S.W.2d 923, 924 (Tex. 1988). 

 The facts in the instant case are virtually identical with those in both Keith and
Freeman. In both Keith and Freeman, the plaintiffs were not at the scene when the
accidents occurred. Neither plaintiff saw or heard the crash. As the Keith Court
concluded in summing up the bystander "status" of Mrs. Keith:

 The emotional impact that she undoubtedly suffered did not result from a
sensory and contemporaneous observance of the accident. In this regard,
Dianna Keith is in the same position as any other close relative who sees and
experiences the immediate aftermath of a serious injury to a loved one. For
example, we have not recognized bystander recovery simply because a
relative arrived on the scene in time to see an injured loved one placed in an
ambulance. See Freeman, 744 S.W.2d at 923. The fact that Dianna Keith
arrived on the scene while rescue operations were underway and witnessed
her daughter's pain and suffering at the site of the accident rather than at the
hospital or some other location does not affect the analysis. Although we
have not insisted that a bystander must be within a "zone of danger" to
recover, Texas law still requires the bystander's presence when the injury
occurred and the contemporaneous perception of the accident. See id. at
923.


Keith, 970 S.W.2d at 542.

 While I fully agree with the dissent's position that the law of appellate review
requires a reviewing court to first address any appellate issues that would afford a party
the greatest relief, i.e., rendition issues before remand issues, nevertheless, in our prior
opinion in Smith, we were simply wrong in our application of the facts to the controlling
law, which I now believe to be Keith. As such, I disapprove of that portion of our prior
Smith opinion which virtually finds Janice Smith a bystander eligible for recovery as a
matter of law. Indeed, the undisputed facts of the instant case make Janice Smith no more
a "bystander" under Texas law as were the plaintiffs in Keith or Freeman. I therefore
concur in the result reached by the lead opinion which affirms the judgment of the trial
court. 

 ______________________________

 RONALD L. WALKER

 Chief Justice


Concurrence Delivered

November 21, 2002

Do Not Publish


DISSENTING OPINION


 I respectfully dissent. 

THE RENDITION POINTS IN THE JASPER COUNTY APPEAL


 The lead opinion chides the original opinion for considering the rendition points and
concludes the two rendition points "amounted to dicta." This is clearly a misunderstanding
of this court's duty. In Cigna Lloyds Insurance Co. v. Bradley's Electric, Inc., 993
S.W.2d 673 (Tex. App.--Corpus Christi 1998), the Court of Appeals had originally
decided a rendition point before reviewing the venue issue, but withdrew that opinion, then
reversed and remanded solely on the venue issue. The Supreme Court reversed and
remanded the case stating:

 We conclude that the court of appeals erred by not deciding the rendition
issue before the remand issue. Generally, when a party presents multiple
grounds for reversal of a judgment on appeal, the appellate court should first
address those points that would afford the party the greatest relief. Rule
43.3 incorporates this principle. See TEX.R.APP. P. 43.3. And, we have
held that the precursors of Rule 43.3 are mandatory and that courts of
appeals are not at liberty to disregard them. See Lone Star Gas Co. v.
Railroad Comm'n, 767 S.W.2d 709, 710-11 (Tex.1989) (per curiam)
(considering former Texas Rules of Appellate Procedure 81(c) and 90(a)). 


Bradleys' Elec., Inc., v. Cigna Lloyds Ins. Co., 995 S.W.2d 675, 677 (Tex. 1999).

 

 As noted in the Jasper County opinion (1) Allstate sought rendition on two issues: the
Smiths were not allowed to recover under the policy because there was no evidence Janice
Smith suffered a bodily injury (2) and there was no evidence that Janice Smith
contemporaneously perceived the accident. (3) The court (4) was required to address these
issues and concluded the Smiths were not required to prove that Janice Smith suffered
bodily injury to recover under the policy for her bystander claim and there was more than
a scintilla of evidence that Janice Smith contemporaneously perceived the accident. I
believe this conclusion was correct.

LAW OF THE CASE


 The lead opinion initially declares the law of the case does not apply because the
two holdings are dicta. As noted above, the holdings were necessary, thus certainly not
dicta. They then declare that "we cannot ignore a governing case from the Texas Supreme
Court" and note that United Services Automobile Ass'n v. Keith, 970 S.W.2d 540 (Tex.
1998), was not cited in the prior opinion. Although Keith was not cited, I do not believe
it was ignored by the prior panel. Allstate relied upon Keith in their brief and the Smiths
distinguished Keith in their brief. 

 Application of law of the case doctrine is discretionary. See In re Estate of
Chavana, 993 S.W.2d 311, 314-15 (Tex. App.--San Antonio 1999, no pet.). In
determining whether to apply law of the case, a court must be mindful of the underlying
public policy - to prevent useless relitigation of issues already decided, to insure
consistency, and to promote judicial economy. (5) See Gonzalez v. San Jacinto Methodist
Hosp., 905 S.W.2d 416, 420 (Tex. App.--El Paso 1995), rev'd on other grounds sub
nom., Calvillo v. Gonzalez, 922 S.W.2d 928 (Tex. 1996). A court should apply law of
the case if the facts in the second trial are substantially the same as in the first trial or so
nearly the same that they do not materially affect the legal issues involved in the second
trial. See City of Longview v. Head, 33 S.W.3d 47, 51 (Tex. App.--Tyler 2000, no pet.). 
A court should not apply law of the case where the prior appellate ruling is clearly
erroneous. See Texas Employers Ins. Ass'n v. Tobias, 740 S.W.2d 1, 2 (Tex. App.--San
Antonio 1986, writ denied). The doctrine only applies to questions of law and does not
apply to questions of fact. See Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex. 1986). 
"[A] question of law decided on appeal will govern throughout subsequent stages of the
case, including decisions that determine the sufficiency of the evidence to raise or establish
an issue, where the facts on each appeal are substantially the same." Publix Theatres
Corp. v. Carpenter, 56 S.W.2d 248, 249 (Tex. Civ. App.--Dallas 1932, writ dism'd). See
also Hughes Prod. Co. v. Hagan, 144 S.W.2d 953, 954 (Tex. Civ. App.--Texarkana
1940, writ dism'd); Clem v. Fulghum, 37 S.W.2d 201, 203-04 (Tex. Civ. App.--Dallas
1931), aff'd, 58 S.W.2d 15 (Tex. Comm'n App. 1933); Bower v. Yellow Cab Co., 35
S.W.2d 519, 520 (Tex. Civ. App.--Dallas 1931, writ dism'd). In a later appellate
proceeding, a court should not revisit matters of law disposed of in a former appeal. See
Hallmark v. Hand, 885 S.W.2d 471, 474 (Tex. App.--El Paso 1994, writ denied). A court
may take judicial notice of our judgments and records in the same or related cases. See
Izaguirre v. Texas Employers' Ins. Ass'n, 749 S.W.2d 550, 552 (Tex. App.--Corpus
Christi 1988, writ denied). Consequently, when relevant to the issues raised, a court
should consider the materials on file in the prior appeal. See id. 

 My review of the materials on file demonstrates the facts adduced in the second trial
are substantially the same as in the first trial or so nearly the same that they do not affect
the legal issues involved in the second trial. To insure consistency we should therefore
apply the doctrine of law of the case to those questions of law raised here which were
previously determined on appeal.

 At least twice the lead opinion concludes that recognizing the law of the case would
be inconsistent with the jurisdictional issue decided in the first trial. Absolutely not. 
Clearly the second trial has legal effect. For example, Allstate could have prevailed on
the factual issues. (6) It is only the two limited legal issues of "no evidence" that are affected
by the law of the case doctrine. 


THE JUDGMENT NOTWITHSTANDING THE VERDICT



 Allstate's motion asserted three grounds for JNOV: (1) Charles and Janice Smith
were entitled to recover, at the most, the per-person limit of $25,000 and not the per-occurrence limit of $50,000, because Janice did not sustain a bodily injury; (2) Janice
Smith was not "legally entitled to recover" from the owner or operator of the uninsured
motor vehicle because she did not offer any evidence proving that she was located at or
near the scene of the accident or that she contemporaneously perceived the accident; (3)
Janice Smith did not sustain a bodily injury as required under the policy.

 Because Allstate's first ground for JNOV was not an issue in the first appeal, we
should consider it. Allstate paid the claim submitted by Charles under his UIM coverage
in the amount of $25,000. Allstate contends Janice is not entitled to an additional $25,000
payment because she did not sustain a bodily injury. Allstate argues Janice's recovery is
limited to the per person recovery and the total sum of $25,000. In effect, Allstate is
contending Charles is the only covered person legally entitled to recover because he is the
only person who suffered bodily injury. However, under my analysis herein, Janice is a
covered person, legally entitled to recover as a bystander, without proving she sustained
bodily injury. As a covered person, Janice is entitled to the per-person limit of $25,000,
as was Charles. As we determined on the prior appeal, Janice was not required to prove
she sustained a bodily injury in order to recover as a bystander under the policy. 
Accordingly, neither Allstate's first nor third ground for JNOV could be the basis of the
trial court's judgment. 

 Regarding Allstate's second ground, our prior determination that there was some
evidence Janice contemporaneously perceived the accident controls that issue here. Smith,
2000 WL 85337. In the first appeal, we did not determine whether there was some
evidence that Janice was located at or near the scene of the accident. According to the
evidence adduced at trial, Janice was approximately 400 yards from the accident when the
collision occurred and could see the scene of the accident from the kitchen window, before
she proceeded to the scene of the accident itself. I find this constitutes some evidence from
which the jury could find Janice was located at or near the scene of the accident. For these
reasons, the trial court could not have granted JNOV on the basis that Janice failed to offer
any evidence to support her bystander claim. Having concluded the trial court could not
have properly granted Allstate's motion on any of the grounds presented, I would hold the
trial court erred in setting aside the jury's verdict.

 My inquiry does not end here, however. Allstate raises several cross-points which
have not previously been addressed as Allstate's rendition points were decided in the prior
appeal. Allstate's first cross-point claims "[t]here was no evidence, or in the alternative,
insufficient evidence to support the jury's verdict." Allstate's argument challenges the
jury's finding that Janice suffered a bystander injury and the jury's award of attorney's
fees.

 The issue of legal sufficiency of the evidence to support Janice's bystander claim
has already been addressed. Regarding factual sufficiency, Allstate's entire argument
states, "When considered with the facts set forth in pages 1-4 of this brief and the authority
set forth in pages 14-20 of this brief, it is abundantly clear that there was no evidence, or
in the alternative, insufficient evidence to support the jury's decision. It is also clear that
the decision of the jury was against the great weight and preponderance of the credible
evidence." Leaving aside the fact that this court does not, and is proscribed from,
determining the credibility of evidence, Allstate's brief makes no attempt at explaining why
the jury's finding is so against the evidence as to be manifestly unjust. Allstate's brief
merely sets forth a conclusion. See Tex. R. App. P. 38.1(h), 38.2. Pages 14-20 of
Allstate's brief, incorporated under this argument, contend Janice offered no evidence to
support her bystander claim. The cases cited in support of this claim are not applied to the
facts of this case. Allstate does apply the facts of this case to the cases cited by Janice to
distinguish the authority cited in her brief. These cases are not discussed in the context
of insufficient evidence, and Allstate refers to no contrary evidence. In short, there is no
substantive analysis of the contention that the evidence is insufficient. See Keever v.
Finlan, 988 S.W.2d 300, 314 (Tex. App.--Dallas 1999, pet. dism'd) (op. on reh'g). 
Consequently, I would conclude that Allstate has failed to preserve this argument for
review. 

 Regarding attorney's fees, Allstate's argument wholly overlooks the testimony of
Curtis Leister regarding reasonable and necessary attorney's fees. Allstate's brief contains
no citations to the record, ignores Leister's testimony, and fails to apply the only authority
cited to the facts of this case. Allstate defaults on its obligation to fashion a clear and
concise argument for the contention made, with appropriate citations to the record. See
Tex. R. App. P. 38.1(h). Accordingly, I would find the issue has been waived, see Haas
v. George, 71 S.W.3d 904, 914 (Tex. App.--Texarkana 2002, no pet.), and overrule cross-point one.

 In its second cross-point, Allstate argues the trial court erred in admitting certain
evidence. The only references to the record are to Dr. Kenneth Parsons' deposition
testimony. Allstate's only allegation of harm is that the evidence "led the jury to return
a decision based on sympathy." To support that claim, Allstate asserts the deposition
included information about Charles Smith's injuries and his treatment and testimony that
Charles would never completely recover. Similar evidence was introduced during Janice's
testimony without objection. Generally, any error in admitting testimony is deemed
harmless if the same or similar evidence is introduced elsewhere without objection. See
Richardson v. Green, 677 S.W.2d 497, 501 (Tex. 1984). See also Tex. R. App. P.
44.1(a). Accordingly, I would overrule cross-point two.

 Allstate's final cross-point contends the trial court submitted an erroneous
instruction to the jury. The complained-of question reads: 

 Did Janice Ellen Smith suffer a bystander injury, as that term is defined below?


 To suffer a bystander injury, all of the following requirements must
be satisfied:

 1) the bystander must have been located near the scene of the
accident;

 2) the shock must result from a direct emotional impact on the
bystander from a sensory and contemporaneous observance of the accident;
and

 3) the bystander and the victim must be closely related.


 You are instructed that actual observance of the incident is
unnecessary if there is some sensory perception of the incident other than
learning of it from others after it has happened.


The charge submitted by Allstate provided: 

 Did Janice Ellen Smith suffer a bystander injury, as that term is defined below?


 To suffer a bystander injury, all of the following requirements must
be satisfied:


 1. the bystander must have been located near the scene of the
accident;

 2. the shock must result from a direct emotional impact on the
bystander from a sensory and contemporaneous observance of the accident;
and

 3. the bystander and the victim must be closely related.


A comparison reveals the only difference between this charge and the one presented to the
jury is the additional language "You are instructed that actual observance of the incident
is unnecessary if there is some sensory perception of the incident other than learning of it
from others after it has happened." It is Allstate's contention that under Keith, 970
S.W.2d at 542, if there is no contemporaneous observance, there is no recovery and that
the purported bystander must be present when the injury occurs. Allstate argues the
instruction submitted does not comport with Texas law in light of Keith. The court in
Keith held:

 To recover as a bystander, a plaintiff is required to establish that:


 (1) The plaintiff was located near the scene of the accident, as
contrasted with one who was a distance away from it;


 (2) The plaintiff suffered shock as a result of a direct emotional
impact upon the plaintiff from a sensory and contemporaneous observance
of the accident, as contrasted with learning of the accident from others after
its occurrence; and


 (3) The plaintiff and the victim were closely related, as contrasted
with an absence of any relationship or the presence of only a distant
relationship.


Keith, 970 S.W.2d at 541-42 (citing Freeman v. City of Pasadena, 744 S.W.2d 923, 923-24 (Tex. 1988)). Keith relied heavily upon Freeman which set forth these same
requirements. In Freeman, the court noted, "In our case it is undisputed that Freeman did
not contemporaneously perceive the accident or otherwise experience the shock of
unwittingly coming upon the accident scene." Freeman, 744 S.W.2d at 924 (emphasis
added). Texas law has long recognized that a bystander need not have been an eyewitness
to the initial event in order to recover. See Freeman, 744 S.W.2d at 923; Washington v.
Knight, 887 S.W.2d 211, 215 (Tex. App.--Texarkana 1994, writ denied); National County
Mut. Fire Ins. Co. v. Howard, 749 S.W.2d 618, 622 (Tex. App.--Fort Worth 1988, writ
denied); City of Austin v. Davis, 693 S.W.2d 31, 33 (Tex. App.--Austin 1985, writ ref'd
n.r.e.); Dawson v. Garcia, 666 S.W.2d 254, 260 (Tex. App.--Dallas 1984, no writ);
General Motors Corp. v. Grizzle, 642 S.W.2d 837, 844 (Tex. App.--Waco 1982, writ
dism'd w.o.j.); Bedgood v. Madalin, 589 S.W.2d 797, 802 (Tex. Civ. App.--Corpus
Christi 1979), rev'd in part on other grounds, 600 S.W.2d 773, 776 (Tex. 1980); and
Landreth v. Reed, 570 S.W.2d 486, 490 (Tex. Civ. App.--Texarkana 1978, no writ).

 The charge submitted by the trial court contains all of the elements set forth by
Keith, and, in accordance with Texas law, recognizes that sensory observance does not
require actual observance. Accordingly, I would hold the trial court did not err in
instructing the jury and overrule cross-point three.

 In summary, I would reverse the judgment of the trial court and render judgment
in favor of Smith for $25,000 UIM policy benefits plus 18% interest and attorney's fees
pursuant to Tex. Ins. Code Ann. art. 21.55 (Vernon Supp. 2002). In accordance with
Henson v. Southern Farm Bureau Casualty Insurance Co., 17 S.W.3d 652 (Tex. 2000),
the interest should run from the date of judgment, June 19, 2001. Attorney's fees should
be awarded in the amount of $10,000 (constituting 40% of plaintiff's damages) for trial,
$2,500 for appeal to this court, $1,500 if petition for review is made to the Texas Supreme
Court, and $2,500 if petition for review is granted by the Texas Supreme Court, per the
jury's verdict.

 Because the majority holds otherwise, I respectfully dissent.






 DON BURGESS

 Justice



Dissent Delivered 

November 21, 2002

Do Not Publish 



In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-98-119 CV


____________________



ALLSTATE INDEMNITY COMPANY, Appellant



V.



CHARLES D. SMITH AND WIFE, JANICE E. SMITH, Appellees






On Appeal from the 1st District Court


Jasper County, Texas


Trial Cause No. 19582






OPINION


 Allstate raises several issues but we address only those necessary to a final
disposition of this case. 

 We overrule Allstate's two issues seeking reversal of the trial court's judgment and
a judgment rendered for Allstate, denying the Smiths all recovery. We overrule issue two
because we conclude that the Smiths were not required to prove that Janice Smith suffered 


APPENDIX


bodily injury to recover under the policy for her bystander claim. Cf. City of Austin v.
Davis, 693 S.W.2d 31, 33-34 (Tex. App.--Austin 1985, writ ref'd n.r.e.). We overrule
issue three because there was more than a scintilla of evidence that Janice Smith
contemporaneously perceived the accident. Id.

 We sustain Allstate's first issue complaining that the trial court erred in overruling
its plea in abatement because that issue is well settled. Because of the inherent
interrelation between this case and that pending in Jefferson County, the trial court was
required to abate this case. See Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245, 247-48
(Tex. 1988). Accordingly, we reverse the trial court's judgment and remand the case to
the trial court with instructions to vacate its judgment and abate all proceedings pending
final disposition of the Jefferson County case.

 REVERSED AND REMANDED.

 

 ____________________________

 DAVID FARRIS (7)

 Justice

Submitted on October 28, 1999

Opinion Delivered January 27, 2000

Do Not Publish

Before Walker, C.J., Stover and Farris, JJ.


 
1. As the opinion was originally unpublished, it is attached as an appendix.
2. Issue two of Allstate's brief.
3. Issue three of Allstate's brief.
4. I did not participate in the Jasper County case. The court consisted of Chief Justice
Ronald L. Walker, Justice Earl B. "Smokey" Stover (now deceased) and Justice David
Farris, sitting by assignment.
5. Concerning the prior case, Smith sought a petition for review in the Supreme
Court, which was denied; however, Allstate sought no such review.
6. Although of no legal effect; two juries have found in favor of Ms. Smith.
7. The Honorable David Farris, sitting by assignment pursuant to Tex. Gov't Code
Ann. § 74.003(b) (Vernon 1998).