United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-10595
_____

LANA CAPERTON AND STEVE CAPERTON,

                                        Plaintiffs-Appellants,

Versus

BIG LOTS, INC.

                                        Defendant-Appellee.

_____

Appeal from the United States District Court,
Northern District of Texas-Dallas Division
No. 3:02-CV-1306-N

_____

Before JOLLY, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Plaintiffs Lana and Steve Caperton appeal the district court's dismissal of their premises liability and bystander claims. Based on photographs in the record, we conclude that issues of fact are presented as to whether there existed an "unreasonable risk of harm" on the Big Lots premises, and we REVERSE summary judgment and

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

REMAND this case to the district court.

Lana Caperton was injured when she tripped and fell over a partially covered wooden pallet while walking down a shopping aisle at a Big Lots, Inc. store ("Big Lots") in Terrell, Texas. She sued Big Lots in County Court in Dallas County, Texas under a theory of premises liability, and her husband, Steve Caperton, added a bystander claim. Big Lots removed the case to federal district court. After a short discovery period, Big Lots moved for summary judgment, arguing that the Capertons could not produce evidence creating a fact issue as to whether (1) Big Lots had actual or constructive knowledge of the dangerous condition; and (2) the Big Lots aisle posed an unreasonable risk of harm, both necessary elements to making out a case for premises liability under Texas law. See Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992).

The Capertons argued that Big Lots employees constructed and placed the partially filled pallet in the aisle where Lana was injured. They argued that, for summary judgment purposes, this establishes Big Lots' knowledge of the condition of the display pallet. The Capertons produced photographs taken by Big Lots' insurance adjuster, which depict a shopping aisle at Big Lots delineated on one side by stacked merchandise displayed on wooden pallets. The merchandise does not completely cover the pallet, however, allowing a part of the pallet to protrude uncovered into the aisle at approximately shin level. Along with the photographs,

-2-

the Capertons attached a portion of Big Lots' Risk Management Policy Manual ("Policy Manual") which identifies low displays as possible "trip hazards" and instructs Big Lots employees to immediately restock any display that falls below knee level. The Capertons argued that the photographs, Policy Manual, and Lana Caperton's testimony[1] show that a fact issue exists as to whether the partially covered pallet was a dangerous condition that was likely to result in injuries to a customer such as Lana.

The district court held that the Capertons' summary judgment evidence was sufficient to allow the court to infer that Big Lots knew or should have known that the low-lying wooden pallets were not fully covered with merchandise. Nevertheless, the court concluded, the Capertons' evidence did not demonstrate that the Big Lots' display posed an "unreasonable risk of harm." The court reasoned that, even if the Policy Manual's instructions establish a legal standard of dangerousness, the Capertons could not show through either the photographs or deposition testimony that Big Lots had violated its own standard of conduct. The court also held that because Steve Caperton was at work at the time of the accident and did not witness the accident, he could not recover as a

_____

[1]In her deposition, Lana Caperton testified that she was walking down the aisle at Big Lots when an item on one of the merchandise displays caught her eye. As she turned to get a closer look, her right foot became caught on the corner of an uncovered portion of the display pallet and twisted her around, causing her to trip and fall. She testified that she did not see the uncovered portions of the pallet before she was injured.

bystander under Texas law.  Therefore, the court dismissed all of the Capertons' claims, and this appeal followed.

II.

An "unreasonable risk of harm" exists under Texas law if "there is such a probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen." Brookshire Grocery Co. v. Taylor, 102 S.W.3d 816, 822 (Tex. Civ. App.-Texarkana 2003) (quoting Seideneck v. Cal Bayreuther Assocs., 451 S.W.2d 752, 754 (Tex. 1970)).  After reviewing the summary judgment evidence, we conclude that the photographs and Lana's testimony are sufficient to raise a fact issue as to whether a partially covered, low-lying wooden pallet in the store aisle created an "unreasonable risk of harm."  If a jury were to conclude that Big Lots violated its own Policy Manual and allowed potential "tripping hazards" to exist by not restocking the aisle displays, it could also reasonably conclude that Big Lots should have foreseen that an injury such as the one suffered by Lana Caperton could occur in the Big Lots store.

We agree with the district court, however, that because Steve Caperton was not near the accident scene and did not witness the accident, he cannot recover as a bystander in this case.  See United Servs. Auto. Ass'n v. Keith, 970 S.W.2d 540, 542 (Tex. 1998)("Texas law still requires the bystander's presence when the injury occurred and the contemporaneous

-4-

perception of the accident".)(citing <u>Freeman v. City of Pasadena</u>, 744 S.W.2d 923 (Tex. 1988)).

Therefore, we AFFIRM the district court's dismissal of Steve Caperton's bystander claim, REVERSE the court's dismissal of Lana Caperton's premises liability claim, and REMAND this case for further proceedings consistent with this opinion.

AFFIRMED in part, REVERSED in part and REMANDED.