Affirmed
and Memorandum Opinion filed August 25, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00857-CV

____________

 

LEAH GODFREY AND CHERI MERRITT, Appellants

 

V.

 

BP PRODUCTS NORTH AMERICA, INC., Appellee

 



 

On Appeal from the 212th
District Court

Galveston County, Texas

Trial Court Cause No. 07CV0351

 



 

M E M O R A N D U M   O P I N I O N

Appellants, Leah Godfrey and Cheri
Merritt, appeal from the granting of appellee, BP Products North America, Inc.=s motion for
summary judgment.  We affirm.

Factual and Procedural Background








Susan Taylor was killed in the March 23,
2005 explosion at appellee=s Texas City, Texas refinery.  Taylor was
the youngest sister of appellants.  Appellants were not at the refinery at the
time of the explosion; they did not see the explosion; and they were not
injured by the explosion.  Appellants filed suit against appellee asserting
multiple causes of action they allege arose from the death of their sister. 
Appellants sought to recover under the Texas Wrongful Death Act.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 71.001 et seq
(Vernon 2008).  Appellants also asserted claims for negligence, negligent
hiring, supervision and/or management, and gross negligence.  Appellants also
asserted a bystander claim and a claim for intentional infliction of emotional
distress.  The facts were undisputed.  Appellee moved for summary judgment on
each of appellants= causes of action, which the trial court
granted.  This appeal followed.

Discussion

Appellants raise four issues on appeal
challenging the trial court=s granting of appellee=s motion for
summary judgment on each of their causes of action.   

A.      The Standard of Review








The movant for summary judgment has the
burden to show there is no genuine issue of material fact and is entitled to
judgment as a matter of law.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548 (Tex. 1985).  In determining whether there is a genuine fact issue
precluding summary judgment, evidence favorable to the non-movant is taken as
true and the reviewing court makes all reasonable inferences and resolves all
doubts in the non-movant=s favor.  Id. at 548B49.  A defendant
who conclusively negates at least one of the essential elements of a plaintiff=s cause of action
is entitled to summary judgment on that claim.  IHS Cedars Treatment Ctr. of
DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex 2004).  In
determining whether there is a genuine fact issue precluding summary judgment,
evidence favorable to the non-movant is taken as true and the reviewing court
makes all reasonable inferences and resolves all doubts in the non-movant=s favor.  Nixon,
690 S.W.2d at 548B549.  If there is no genuine issue of
material fact, summary judgment should issue as a matter of law.  Hasse v.
Glazner, 62 S.W.3d 795, 797 (Tex. 2001).  We review a trial court=s summary judgment
de novo. Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex.
2005).

B.      Appellants Cannot Recover for Wrongful Death

Within their first issue, appellants
contend the trial court erred when it granted appellee=s motion for
summary judgment on appellants= wrongful death claims.  At the same time,
appellants admit that, as siblings of Taylor, they are not covered by the
Wrongful Death Act and argue for a good-faith extension of the law.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 71.004(a) (Vernon
2008) (AAn action to
recover damages as provided by this subchapter is for the exclusive benefit of
the surviving spouse, children, and parents of the deceased.@).

There was no common law cause of action
for wrongful death in Texas.  Moreno v. Sterling Drug, Inc., 787 S.W.2d
348, 356 (Tex. 1990).  Therefore, wrongful death causes of action owe their
existence to statutes changing the common law rule.  Id.  Increasing the
number of persons eligible to recover under the Wrongful Death Act is not the
function of an intermediate court of appeals.  Instead, the Wrongful Death Act
reflects the public policy of Texas as determined by the Texas legislature and
courts must read the legislature=s words as
enacted, not revise them as desired.  See Entergy Gulf States, Inc. v.
Summers, 282 S.W.3d 433, 476 (Tex. 2009) (Willet, J., concurring).  AThe wisdom or
expediency of the law is the Legislature=s prerogative, not
ours.@ Id. (quoting
Tex. Workers= Comp. Comm=n v. Garcia, 893 S.W.2d 504,
520 (Tex. 1995)).  We overrule appellants= first issue to
the extent appellants ask this court to extend the scope of the Wrongful Death
Act to include siblings as beneficiaries.

C.      Appellants Cannot Recover on Their Negligence
Claims








Appellants also asserted claims for
negligence and negligent hiring, supervision, and/or management.  For each,
appellants do not claim they were injured themselves in the explosion, but that
appellee was negligent in causing their sister=s death, which, in
turn, caused their mental anguish injuries.

There is no general duty in Texas not to
negligently inflict emotional distress.  Verinakis v. Medical Profiles, Inc.,
987 S.W.2d 90, 94B95 (Tex. App.CHouston [14th
Dist.] 1998, pet. denied) (citing Boyles v. Kerr, 855 S.W.2d 593, 594
(Tex. 1993)).  There are few situations in Texas in which a claimant who is not
physically injured by the defendant=s breach of a duty
may recover mental anguish damages.[1] 
Id. at 95.  Here, appellants admit they were not physically injured in
the explosion and that their injuries were emotional injuries arising out of
their sister=s death, such as anxiety and depression, and the
consequent physical manifestations arising from that emotional distress. 
Because appellants were not direct victims of appellee=s alleged
negligence, in the absence of any other claim, they may not recover for any
mental anguish caused by physical injuries to others in that accident.  See
Chapa v. Traciers & Associates, Inc., 267 S.W.3d 386, 397 (Tex. App.CHouston [14th
Dist.] 2008, no pet.).  We overrule the remainder of appellants= first issue
addressing their negligence claims.

D.      Appellants Cannot Recover as Bystanders

In their second issue on appeal,
appellants contend the trial court erred when it granted appellee=s motion for
summary judgment on appellants= bystander claim.  We disagree.








A bystander claim falls within an
exception to the general rule barring recovery for negligent infliction of
emotional distress.  Id. at 398.  Under this legal theory, mental
anguish damages are recoverable for the contemporaneous sensory perception of a
serious or fatal injury to a close relative.  Id.  To recover as a
bystander, a plaintiff must establish that she (1) was located near the scene
of the accident, as contrasted with one who was a distance away from it; (2)
suffered shock as a result of direct emotional impact upon the plaintiff from a
sensory and contemporaneous observance of the accident, as contrasted with
learning of the accident from others after its occurrence; and (3) was closely
related to the primary victim of the accident.  United Services Automobile
Association v. Keith, 970 S.W.2d 540, 541B42 (Tex. 1998).

The evidence was undisputed that
appellants were not at or near the Texas City refinery at the time of the
explosion.  The evidence was also undisputed that appellants did not
contemporaneously perceive their sister=s injury as it
happened or immediately afterward.  Finally, the evidence was undisputed that
appellants learned of the explosion from others.  As appellants did not meet
the first two requirements to recover on a bystander claim, the trial court did
not err when it granted appellee=s motion for
summary judgment on that cause of action.  See Chapa, 267 S.W.3d at 398B400.  We overrule
appellants= second issue.

E.      Appellants Cannot Recover for Intentional
Infliction of Emotional Distress

In their third issue, appellants challenge
the trial court=s granting of appellee=s motion for
summary judgment on appellants= intentional infliction of emotional
distress causes of action.








To recover for intentional infliction of
emotional distress, a plaintiff must prove that: (1) the defendant acted
intentionally or recklessly; (2) the defendant=s conduct was
extreme and outrageous; (3) the defendant=s conduct
proximately caused the plaintiff emotional distress; and (4) the emotional
distress suffered by the plaintiff was severe.  Standard Fruit and Vegetable
Co., Inc. v. Johnson, 985 S.W.2d 62, 65B66 (Tex. 1998). 
In addition, the intended or primary consequence of the defendant=s conduct must be
to cause emotional distress, not physical injury.  Id. at 68; Durckel
v. St. Joseph Hosp., 78 S.W.3d 576, 586 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  Therefore, a claim of intentional infliction of
emotional distress will not lie if emotional distress is not the intended or
primary consequence of the defendant=s conduct.  Durckel,
78 S.W.3d at 586.

The incident underlying appellants= intentional
infliction of emotional distress causes of action was a refinery explosion. 
The primary risk of this incident was physical injury or death, not emotional
distress.  Because the primary risk was not emotional distress, appellants
cannot recover on their intentional infliction of emotional distress causes of
action and the trial court did not err when it granted appellee=s motion for
summary judgment on these causes of action.[2] 
We overrule appellants= third issue.

F.       Appellants Cannot Recover for Gross Negligence in
the Absence of Negligence

In their fourth issue, appellants contend
they were injured as a result of appellee=s negligent
conduct which should have precluded the trial court from granting appellee=s motion for
summary judgment on their gross negligence claims.  However, we have already
determined appellants= negligence claims were without merit. 
Therefore, since a plaintiff cannot assert a separate cause of action for gross
negligence in the absence of a viable negligence claim, we hold the trial court
did not err in granting appellee=s motion for
summary judgment on this cause of action.  See Tesoro Petroleum Corp. v.
Nabors Drilling USA, Inc., 106 S.W.3d 118, 126B27 (Tex. App.CHouston [1st
Dist.] 2002, pet. denied).  We overrule appellants= fourth issue on
appeal.

 

 

 








Conclusion

Having overruled all of appellants= issues on appeal,
we affirm the trial court=s summary judgment.

 

 

/s/          John S. Anderson

Justice

 

 

 

Panel consists of Justices Anderson, Frost, and
Guzman.









[1]  These include intentional or malicious torts, such
as libel, suits for wrongful death, and actions by bystanders who witness a
close family member=s death or serious injury.  Verinakis v. Medical Profiles, Inc., 987 S.W.2d 90, 95 (Tex. App.CHouston [14th Dist.] 1998, pet.
denied).  This case does not involve an
intentional tort, such as libel, and we have already rejected appellants= invitation to extend the coverage of the Wrongful
Death Act.  We address appellants=
bystander claims in section D of this opinion. 





[2]  With respect to appellants= argument that appellee=s agreement to plead Aguilty@ to a violation of the Clean Air Act somehow Apreempts@
appellee=s right to summary judgment, appellants failed to
point out any legal authority supporting this contention.  Accordingly, this
argument is waived.  See Tex. R. App. P. 38.1(i).